In re BRAVERMAN.

Ex parte W. L. DOUGLAS SHOE CO.

(District Court, S. D. New York. August, 1912.)

BANKRUPTCY (§ 407*)—DISCHARGE—CREDIT STATEMENT—FALSITY.

Where a bankrupt, when engaged in the retail shoe business in New York, made a financial statement without filling a blank as to how long the statement might be regarded as continuing, a sale of goods to him 18 months thereafter could not have been the proximate result of the statement, so as to entitle the seller to maintain an objection to the bankrupt's discharge on the ground that the statement was false.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

In Bankruptcy. In the matter of bankruptcy proceedings of one Braverman. On motion to confirm report of a master recommending the bankrupt's discharge, as against objections of the W. L. Douglas Shoe Company. Report confirmed, and discharge granted.

Louis Rosenberg, of New York City, for bankrupt.

Lesser Brothers, of New York City (William Lesser and Joseph Side, both of New York City, of counsel), for objecting creditor.

HAND, District Judge. The statement of July 30, 1908, was, I think, false in omitting the indebtedness to Miller, just as the objector insists. The statements of the bankrupt at the earlier hearings are too categorical to admit of any such easy explanation as that offered at the end, when he found it necessary to explain away Miller's indebtedness on July 30, 1908. It is quite clear to me that not more than half of it was incurred after the statement was sent. Moreover, the omission of the indebtedness from the statement must have been intentional.

I agree with the learned master that the purchases were too remote from the statement to be the cause of the loss. The rule is this: Was the sale a proximate result of the statement? Here the earliest purchase was 18 months after the statement, and the bankrupt had failed to fill in the blank showing for how long the statement might be regarded as continuing. That failure was equivalent to a refusal to say how long it should last, and left the sellers to their own construction of the facts.

Now, what does such a statement mean? That on a given date the assets and liabilities are as stated. Does that give the seller any right, 18 months thereafter, to assume that the condition remains approximately as then stated? Certainly not, in view of the constantly changing fortunes of such a trade as the bankrupt's. He was a man doing a little retail shoe trade, subject to rent in New York, to the variations in business from causes over which he had no control, to all the vicissitudes which makes so hazardous the commercial life of such traders. It is unreasonable to suppose that such a statement would be any index of his financial condition 18 months after it was made. If the seller relied on it, he had no right to do so. Morris v. Talcott, 96 N. Y. 100; Macullar v. McKinley, 99 N. Y. 353, 2 N. E. 9.

The second specification is quite unproved, and may be dismissed without further comment.

The third specification was more nearly proved, and the bankrupt's story was rather suspicious; but there is nothing in the testimony to justify me in reversing the master's finding of fact in that regard.

The evidence as to the fourth specification is weaker than that upon the third.

Report confirmed; discharge granted; no costs.