### In re ZOFFER et al.

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

No. 138.

1. BANKRUPTCY (§ 407*)—DISCHARGE—OBJECTIONS—GROUNDS—FALSE STATEMENT.

Under Bankr. Act July 1, 1898, § 14b3 (as added by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797) and amended by Act June 25, 1910, c. 412, § 6, 36 Stat. 839 (U. S. Comp. St. Supp. 1911, p. 1496), providing that a discharge shall be refused if the bankrupt has obtained money on a false statement in writing made by him to any person or his representative to obtain credit from such person, a false statement of a bankrupt's assets and liabilities made to the agent of a commercial agency, merely that the agency may fix a credit rating in its books and not requested by any customer, is not ground for denial of a discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

2. BANKRUPTCY (§ 408*)—DISCHARGE—OBJECTIONS—OFFENSES PUNISHABLE BY IMPRISONMENT.

Bankruptcy Act July 1, 1898, c. 541, § 14b1, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), provides that a discharge may be denied where the bankrupt has committed an offense punishable by imprisonment, and section 29b2 declares that the taking of a false oath by a bankrupt in or in relation to any proceeding in bankruptcy, shall constitute such offense. *Held,* that where the bankrupt, while testifying under oath before a special commissioner at the first meeting of creditors, swore positively and falsely that he had never made a statement of financial condition to any one, when he in fact had made a false financial statement to a commercial agency shortly before, he was guilty of knowingly and fraudulently making a false oath which was a bar to his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 732–736, 759, 762, 763; Dec. Dig. § 408.*]

Appeal from the District Court of the United States for the Eastern District of New York.

This cause comes here upon appeal by the bankrupts from an order of the District Court, Southern District of New York, sustaining a report of the Special Commissioner and denying application for discharge. No opinion was filed by the District Judge.

James S. Lawson, of New York City, for appellants

S. S. Leff, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. Several specifications of objection to discharge were filed by creditors. It will be necessary to discuss only the two which were sustained. These are:

1. That the bankrupts obtained credit upon a materially false statement in writing made to R. G. Dun & Co.

2. That the bankrupts committed an offense punishable by imprisonment.

[1] As to the first of these: The evidence shows that a representative of R. G. Dun & Co., a mercantile agency called at the bankrupt's store, announced that he was "here again" and asked them what stock they had. They replied that they did not know; that they had not taken an inventory. He then asked them to give the figures approximately, and they did so. These he put down, and one of them signed the statement with the firm name in the presence of the other. The mercantile agency had not been requested by any customer to get this information for him; its representative made his inquiries in order to obtain a report upon which to fix credit rating in the books of the agency. It is not disputed that the signed statement falsely represented (among other things) that bankrupts had an equity of $12,500 in certain real estate omitting all reference to a third mortgage which substantially wiped out the $12,500.

The Bankrupt Act in force at the time in question provides (section 14b3) that discharge shall be refused if the bankrupt has—

"obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person."

It is contended that a general financial statement made to a commercial agency for the latter's purposes is not within the terms of the section above quoted. The special commissioner held that such "contention is untenable as has been shown in several decisions among which are the following cases: In re Augspurger (D. C.) 25 Am. Bankr. Rep. 83, 181 Fed. 174, and In re Pinsker (D. C.) 25 Am. Bankr. Rep. 494." The District Judge sustained the special commissioner.

The effect of such statements to commercial agencies was considered by this court in Matter of Dresser & Co., 146 Fed. 383, 76 C. C. A. 655, and Matter of Russell, 176 Fed. 253, 100 C. C. A. 77. The clause of the section (14b3) then read as follows:

"obtained property on credit from any person upon a materially false statement in writing made to such person for the purpose of obtaining such property on credit."

In the Russell Case we held that this clause did not include the ordinary statement of financial condition made to a mercantile agency for general circulation among its inquiring subscribers. The clause then in force was incorporated in the act by amendment in 1903. Our construction of its terms was largely influenced by the circumstance that the amendment, as it originally passed the House contained the words "or of being communicated to the trade" which were struck out in the Senate; the House subsequently concurring in this modification of the amendment.

The section was again amended in 1910, subsequent to the decision of the Russell Case, and it is now contended that such amendment has operated to enlarge the clause sufficiently to cover these general financial statements. Examination of the proceedings in Congress

disposes of such contention. The amendment originated in the House. It then read:

"obtained money or property on credit upon a materially false statement in writing, made by him to any person for the purpose of obtaining credit or of being communicated to the trade or to the person from whom he obtained such property or credit."

In reporting this amendment to the House, the Judiciary Committee said:

"It is still an open question whether a false credit statement to be .available as an objection to a discharge must not have been made to the creditor who extended the credit and at the time of the extension of the credit. Thus see In re Allendorf [D. C.] 129 Fed. 981, and to the opposite effect In re Dresser, 146 Fed. 383 [76 C. C. A. 655]. The change accomplished by the bill- is simply one which makes available to any creditor any materially false mercantile statement on which the debtor has obtained money or property on credit, and irrespective of whether such statement has been given to the creditor objecting or communicated generally to the trade." 61st Congress, 1st and 2d Sessions, 1909-10, House Rep., vol. 1, Miscellaneous.

In the proposed form it passed the House. In reporting the amending bill to the Senate, its Judiciary Committee said:

"The third change made by the House bill, that which in effect made the obtaining of property on false written statements to mercantile agencies ground of opposition to discharge, without the creditor whose property has thus been obtained first asking such mercantile agencies to procure him the written statement, is not concurred in by your committee. Any tendency to make the bankrupt act unduly harsh is to be avoided. It is a sufficient ground of opposition to discharge that the bankrupt has obtained property from a creditor by a materially false statement in writing where that statement was specifically asked for by the creditor or by the creditor's representative. General statements to mercantile agencies, not specifically asked for by prospective creditors, ought not to be ground of opposition to discharge; it makes the provision too harsh, in the estimation of your committee. Merchants are likely to make careless general statements where they would be very careful were they making statements to creditors from whom they were at the time asking credit.

"Your committee proposes a substitute for the House amendment of this ground of opposition to discharge, which is thought to go as far as is proper."

This substitute amendment was adopted by the Senate and concurred in by the House, leaving the clause as quoted at the beginning of this opinion. That clause certainly cannot be construed to cover "general statements to mercantile agencies, not specifically asked for by prospective creditors."

[2] The second specification of objection is that bankrupts had committed an offense punishable by imprisonment. Section 14b1. Among such offenses is included the making "a false oath * * * in, or in relation to, any proceeding in bankruptcy." Section 29b2.

When testifying under oath before a special commissioner appointed in this proceeding under section 21a, and at the first meeting of creditors, each of the bankrupts swore positively that he never made a statement of financial condition to any one. The written statement they did make was so close in time to the date when they denied making it that we cannot doubt the false oath was made "knowingly and fraudulently."

The specifications were probably defective because they did not include these words "knowingly and fraudulently"; but they were not demurred to, nor was the point raised in any other way. Bankrupts went to trial on the merits of the objections, and cannot now be heard to say that the pleading which stated them was badly expressed. If necessary, it could be amended to conform to the proof.

The order is affirmed.