In re WITMAN.

(District Court, E. D. New York.  · June 17, 1914.)

BANKRUPTCY (§ 384*)—COMPOSITION—CONFIRMATION—DENIAL—FALSE STATEMENT OF FINANCIAL CONDITION.

Where a bankrupt made a careless and indifferent statement as to his financial condition and obtained a rating by a commercial agency, which, though incorrect, was not shown to have been materially and intentionally false, and sales made to him on credit claimed to have been induced by such statement were made after a considerable lapse of time and under circumstances where inquiry of the bankrupt was possible, the statement did not constitute such a materially false statement in writing of his financial condition as would preclude the confirmation of a composition.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 590-592; Dec. Dig. § 384.*]

In Bankruptcy.  In the matter of the bankruptcy proceedings of Joseph B. Witman.  On report of a special commissioner advising the ·denial of an application to confirm composition.  Reversed, and composition confirmed.

Beekman, Menken & Griscom, of New York City (William C. Armstrong, of New York City, of counsel), for objecting creditors.

Levy & Levy, of New York City, for creditors.

Robert H. Koehler, of New York City, for receiver.

David Steckler, of New York City, for bankrupt.

CHATFIELD, District Judge.  The special commissioner and referee has reported that the composition is to the best interests of the creditors, and that the grounds of objection, based upon the conduct

of the bankrupt and his alleged failure to answer certain questions and to keep books, with intent to conceal his assets or defraud his creditors by so doing, are not sustained. He has, however, reported that the composition should be rejected on the ground that the bankrupt had made a false statement in writing of his financial condition.

This last ground of objection is not supported by the testimony, and the report cannot be confirmed, inasmuch as the statement referred to was for the purpose of obtaining a rating by a board of trade or commercial agency, and was not specifically made for the purpose of obtaining credit on any particular sale. In re Zoffer, 211 Fed. 936, 128 C. C. A. 434. In fact, the sales were made under circumstances where inquiry of the bankrupt himself was possible, as the creditors were dealing directly with the bankrupt, and were after such lapse of time that the statement, if relied upon, should have been brought down to date and made competent for reliance thereupon by direct inquiry. As a matter of fact, the statement is not shown to have been materially and intentionally false, but was apparently carelessly and indifferently made, without regard to facts, rather than contrary to the facts.

The report is correct in overruling the other grounds of objection, and on the entire matter it would seem that the composition should be confirmed.