**ITTELMAN v. HOCHMAN.**

No. 31.

Circuit Court of Appeals, Second Circuit.

Nov. 24, 1941.

Sidney B. Felsenfeld, of New York City (Lawrence Milberg, of New York City, of counsel), for appellant.

Martin Kingsley, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

 The referee denied the bankrupt his discharge because of a false answer to Question Ten in the "Statement of Affairs", required by § 7, sub. a(9), of the Act, 11 U.S.C.A. § 25, sub. a(9), and "Form 2", annexed to the General Orders, 11 U. S.C.A. following section 53. The adjudication was on June 19, 1939, and the answer was "None" to the following question: "What property have you transferred or otherwise disposed of during the year immediately preceding the filing of the original petition herein? (Give a description of the property, the date of the transfer or disposition, to whom transferred or how disposed of, and, if the transferee is a relative, the relationship, the consideration, if any, received therefor, and the disposition of such consideration.)" The bankrupt had been married on June 17, 1939, and on the 26th he withdrew $1,900 from a savings bank account, out of which he concededly gave his wife $500 on the 27th. On that day she made two deposits in her own name in separate banks; one in the Bowery Savings Bank of $500, the other in the Greenwich Savings Bank of $500; the second deposit remained untouched at the time of the hearings—the autumn of 1940—and was indeed the only item in that account except credits of interest. The Bowery account, on the other hand, was active and among the deposits was another of $500 on September 11, 1940. The wife swore that one of the two deposits of June 27th was made up of wedding presents and that the deposit of September 11th was repayment of a loan; but the bankrupt failed to explain his disposition of at least $1,400 out of some $4,600 that he had received from all sources between June and December; and the creditor urged that both the wife's deposits of June 27th were from the $1,900 withdrawn, and that perhaps the same was true of the deposit of September 11th. However, both the bankrupt and his wife swore that he gave her only $500, and that this was to buy furniture for their new home, the gift being merely for convenience, as she was to do the buying. On the other hand, when asked in which bank she had deposited the sum received from her husband, the wife at first answered that it was Greenwich bank. This may indeed have been a mere slip of the tongue, for she corrected it before the answer was completed; yet it is a little curious that she should have kept her wedding gifts untouched for eighteen months and used her husband's money to furnish the house. The duplicity of both her and him appeared from the fact that when examined in a proceeding in the state court in the nature of a creditor's bill he denied that at his marriage he had enough cash to furnish his home, and she denied that she had ever received anything whatever from him.

If the referee had found that the $500 admittedly transferred had not been given to the wife to buy furniture for the home, but was a beneficial gift, we should certainly not have decided that the finding was "clearly erroneous." He did not however make such a finding; on the contrary he concluded that Question Ten called for a disclosure of the transfer even if it had been for just the purpose which the bankrupt and his wife declared that it was. Even so, if the evidence had been so clear that we could say that a finding would have been "clearly erroneous" which accepted their explanation, we could have dispensed with a finding, though we disagreed with the referee about the scope of Question Ten. But we cannot go so far; and we are forced to decide the same issue which the referee and the district judge decided; that is, whether Question Ten does cover such a transfer. We think that it does; we believe that the Supreme Court intended every such transfer made within the year to be disclosed. Transactions between a bankrupt and his family, especially his wife, are always somewhat equivocal, and their interpretation is certainly not for the bankrupt alone; his creditors must be allowed freely to examine them; and that, we believe, is the purpose of Question Ten. What may be in fact a concealed trust— as the Greenwich account may well have been here—can be uncovered only in this way. Under the recent amendments a bankrupt is not entitled to his discharge whenever his creditors fail to show him dishonest; he will be so favored only when he has fulfilled those positive duties of disclosure which the law lays upon him. This in our judgment is one. If it be asked

how far Question Ten goes, and whether it compels the disclosure of pin money paid to a wife, or of a monthly or weekly allowance given her for household expenses, we answer that perhaps it does not; here as elsewhere in the law, a patent purpose is not to be frustrated by a step-by-step dialectic. Whatever the limits, a gift as large as this—considering the resources of this bankrupt—single and occasional and not periodic, was within the scope of Question Ten.

Order affirmed.