**Joseph D. STIM, Trustee, Appellant,**

v.

**Max SIMON, Bankrupt, Appellee.**

**No. 60, Docket 26304.**

United States Court of Appeals
Second Circuit.

Argued Oct. 13, 1960.

Decided Nov. 4, 1960.

Joseph D. Stim, Farmingdale, N. Y., pro se.

Samuel B. Weingrad, New York City, for appellee.

Before CLARK, MAGRUDER and FRIENDLY, Circuit Judges.

MAGRUDER, Circuit Judge.

A trustee in bankruptcy filed before the referee ten specifications on the basis of which he contended that the bankrupt should be denied a discharge. Some of these specifications were withdrawn, and others were dismissed by the referee after trial. But of course one specification is enough, under the Bankruptcy Act, and the referee, concluding that the protesting trustee had made out the allegations of specification 5, entered an order denying a discharge to the bankrupt. Upon review of the referee's order, the district court concluded that it should be reversed and the bankrupt granted his discharge. This the district court accomplished in the order we now have under review, on appeal by the trustee. 182 F.Supp. 377.

Section 14, sub. c of the Bankruptcy Act, 11 U.S.C.A. § 32, sub. c, contains this provision:

"The court shall grant the discharge unless satisfied that the bankrupt has (1) committed an offense punishable by imprisonment as provided under title 18, United States Code, section 152 * * *: *Provided*, That if, upon the hearing of an objection to a discharge the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this subdivision c, would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

18 U.S.C. § 152 is as follows:

"Concealment of Assets; false oaths and claims; bribery. * * * Whoever knowingly and fraudulently makes a false oath or account in or in relation to any bankruptcy proceeding * * *

"Shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Specification 5 alleged as follows:

"The Bankrupt committed an offense punishable by imprisonment as provided under Title 18, United States Code, Section 152 in that on or about February 7th, 1958, the Bankrupt did knowingly and fraudulently make a false oath and account in the above entitled bankruptcy proceeding in that he did state that Schedule A submitted by the Bankrupt with his bankruptcy petition contained a statement of all his debts according to the best of his knowledge, information and belief, when the said Schedule A listed as creditors only Sarah Levine as an unsecured creditor in the amount of $8,231.04; Dora Latsky, an unsecured creditor in the amount of $2,000.00; Nathan Nelson a secured creditor in the amount of $28,327.83 and Clement J. Lipman, a secured creditor in the amount of $6,000.00; when in truth and fact * * * the Bankrupt is indebted to the Manufacturers Trust Co., New York, New York, in an amount of approximately $1,000.00 on a secured loan made by Manufacturers Trust Co. to Joan Holding Corp. on which the Bankrupt was co-maker on or about June 14th, 1957 in the original amount of $1848.00."

■ The making of findings of fact on disputed testimony is the primary function of the referee, and under General Order in Bankruptcy No. 47, 11 U.S. C.A. following section 53, the judge is required to accept the referee's findings of fact unless they are "clearly erroneous."

It seems to us that the district court violated the requirement of General Order No. 47 in his purely abstract reasoning in explaining why the referee should be reversed. The district court in its opinion said:

"Where a bankrupt omits an asset of substantial value from his schedules, the inference that the omission was fraudulent is not hard to draw; one's immediate reaction is that the omission was deliberate, in the hope of concealing the asset. *Where a bankrupt fails to list a liability, it is not so easy to conclude that the omission was made fraudulently. Generally the omission of a liability is to the disadvantage rather than the advantage of a bankrupt, for it may well result in the debt not being discharged. Unless the facts are unusual, the natural inference is that the omission to list a liability in schedules came about through mistake or oversight.*" 182 F.Supp. at page 379.

It may well be that where the bankrupt, as seems to be undisputed here, failed to list one of his creditors, it is not so easy to conclude that such omission was made knowingly and fraudulently. But surely it cannot be said that such an omission must always be attributed to mere "oversight," and can never be fraudulent, as the referee found that it was in this case. As appellant states in his brief:

"To sustain Judge Rayfiel's decision would mean that a person could go into bankruptcy and feel free to select those creditors which he wished to notify and be aware of his bankruptcy and omit those whose knowledge of his bankruptcy would prejudice him. The Bankrupt could select those creditors whose debts he wished to have discharged and intentionally omit those he might feel would contest his discharge or those he would prefer to pay in full. This is not the intent of the Bankruptcy Law at all."

Furthermore, the bankrupt's failure to list the Manufacturers Trust Company as one of his creditors deprived this creditor of a right which it had under the law to be notified of its debtor's bankruptcy and to take such action as a creditor, either in the nomination of a trustee or otherwise, as it deemed advisable, promptly when all the creditors were notified. Appellant's brief goes on to say that the bankrupt was not prejudicing himself by failing to list this creditor in view of all the circumstances present here, since it was not an omission of a creditor which he wished to be discharged of, but rather one which he had every intention of paying, the debt being a secured debt.

■ We think that the referee was justified in applying the proviso of § 14, sub. c, with reference to shifting to the defendant the burden of proof. The trustee proved the omission of Manufacturers Trust Company from the schedule of debts. The bankrupt did not testify in his own behalf, so we are told in appellant's brief, but was called as a witness by the trustee; and as such witness he testified as to the circumstances of the signing of the note. He says, contrary to the testimony of the bank manager, that when he affixed his name to the note as co-maker, the instrument was still in blank. In the referee's opinion occurs the following:

"The bankrupt should not expect the Court to believe that the indebtedness was of so little consequence to him that he forgot all about it when he signed and swore to his Schedules for he admits that he had many conversations with Magenheimer [the bank manager] about the proposed application for a loan.

"The Court is not required to believe the testimony of a bankrupt

which appears to be highly improbable under all of the circumstances and facts in the case and this is so whether bankrupt's testimony is contradicted or not."

The referee concluded that,

"Far from sustaining the burden cast upon him by the proof adduced by the trustee, the bankrupt has wholly failed so to do and specification five, as limited, has been sustained and the bankrupt's discharge will be denied."

Since the bankrupt's testimony is not included in the appendix, we do not know whether it is proper to characterize it as "highly improbable" or not. We must assume that it was. Certainly, on the record before us, we cannot say that the referee's conclusion of fact was "clearly erroneous."

A judgment will be entered vacating the judgment of the District Court.