In the Matter of Ben MELNICK, Bankrupt.

No. 304, Docket 30216.

United States Court of Appeals Second Circuit.

Argued March 29, 1966.

Decided May 5, 1966.

Albert Lyons, New York City (Ruben Schwartz, New York City), for appellant.

Murray Feigenbaum, New York City, Trustee, appellee.

Before MOORE, FRIENDLY and ANDERSON, Circuit Judges.

**PER CURIAM:**

Ben Melnick, who filed a voluntary petition in bankruptcy in the District Court for the Eastern District of New York on November 23, 1962, appeals from an order of Judge Dooling confirming the denial of a discharge by Referee Warner. The only specification of objection which survived winnowing first by the referee and then by the judge concerned a sale on July 2, 1962, of the dwelling owned by Melnick and his wife as tenants by the entirety for $31,500. On signing the contract in November 1961, the buyers paid $3,100 which was deposited in an account of Mrs. Melnick at a savings and loan association; they paid the balance of $28,400 due at the closing to three mortgagees. Since the closing payment did not suffice to satisfy the mortgages and take care of other expenses, Mrs. Melnick withdrew $3,000 from the savings and loan association, deposited it in a joint bank account, and issued checks for $2,826.28. The Melnicks used the remaining $273.72 of the buyers' deposit for moving and living expenses.

The trustee's objections to discharge contained three specifications pertaining to this transaction: In Melnick's statement of affairs, sworn to on November 21, 1962, his answer to a question as to repayment of loans during the year preceding the filing of the petition made no reference to discharge of the mortgage debts; a question as to what property had been transferred during the year was answered "None"; and at the first meeting of creditors on December 12, 1962, he swore that he had transferred no money or property within the last twelve months. Discharge was denied under § 14c of the Bankruptcy Act since the court was "satisfied that the bankrupt has (1) committed an offense punishable by imprisonment" in "knowingly and fraudulently" making "a false oath or account in or in relation to any bankruptcy proceeding," 18 U.S.C. § 152.

The evidence clearly met the trustee's initial burden under § 14c of showing "to the satisfaction of the court that there are reasonable grounds for

believing" that Melnick had committed an act which would prevent his discharge; the statute then places on the bankrupt the burden "of proving that he has not committed any of such acts." Since it is indisputable that Melnick made a false oath as to a material matter, the issue is whether he sustained the burden of proving he did not act "knowingly and fraudulently." Melnick claims to have met the burden by showing that he realized almost nothing out of the sale of his house and that the four month period for attacking the payment of the loans as preferential under § 60 had expired before the petition was filed. The referee, however, was justified in finding that Melnick knew the answers were false, cf. Ittelman v. Hochman, 123 F.2d 723 (2 Cir. 1941), and we have said that "The words of the statute requiring that the testimony be given 'knowingly and fraudulently' mean no more than 'an intentional untruth in a matter material to the issue which is itself material.'" In re Slocum, 22 F.2d 282, 285 (2 Cir. 1927), quoting Troeder v. Lorsch, 150 F. 710, 713 (1 Cir. 1906). While lack of value in transactions not disclosed does tend to negative fraudulent intent, In re Taub, 98 F.2d 81, 82 (2 Cir. 1938), the amounts realized by Melnick were not insubstantial. See Mazer v. United States, 298 F.2d 579 (7 Cir. 1962) (discharge denied for failure to disclose candy worth $150); In re Zidoff, 309 F.2d 417 (7 Cir. 1962) (discharge denied for failure to report furniture worth roughly $400). Contrast In re *Taub*, supra (bankrupt did not disclose one exempt life insurance policy and another policy worth 49 cents). Also, since Melnick's schedules showed no assets except $500 of household goods, the referee could well have thought that the negative answers as to an apparently innocent transaction sprang not from misunderstanding or forgetfulness but from a hope of thereby avoiding the appointment of a trustee. If the referee had been persuaded by Melnick, we would not have sanctioned interference by the district court or interfered ourselves. But he was not, and we have repeatedly stressed the weight that must be accorded in such matters to the findings of the trier of the facts "who saw and heard the witness." In re Slocum, supra, 22 F.2d at 286; In re Steinberg, 143 F.2d 942 (2 Cir. 1944); Stim v. Simon, 284 F.2d 58 (2 Cir. 1960).

Affirmed.