**In the Matter of Richard J. SOIKA, Bankrupt.**

**No. BK 71–2145.**

United States District Court, W. D. New York.

Oct. 25, 1973.

Rachlin & Rachlin, Buffalo, N. Y. (Lauren D. Rachlin, Buffalo, N. Y., of counsel), for petitioner Postal Finance Co.

Frank A. Farrell, Buffalo, N. Y., for petitioner Household Finance Corp.

Peter Crotty, Buffalo, N. Y., for respondent Richard Soika.

CURTIN, District Judge.

This case is before the court on creditor Household Finance Corporation's petition to review an order of the Referee in Bankruptcy (Hon. Beryl E. McGuire) allowing only in part a claim that a prebankruptcy debt is nondischargeable. (Creditor Postal Finance Co. has not petitioned for review.) The question presented on review is whether the Congress, by the 1960 amendments to § 17(a)(2) of the Bankruptcy Act [11 U.S.C. § 35(a)(2)] intended to fashion a new rule on damages or whether the ordinary state rule of damages applies.

Household Finance Corp. asserts that the non-commercial bankrupt, a grain mill worker, made a false financial statement in connection with a loan. On April 23, 1971, the bankrupt furnished creditor Postal Finance Co. with a financial statement listing his total in-

debtedness at $1,600.00. That statement omitted at least $2,000.00 in additional indebtedness. The Referee found that .the April 23 statement was materially false; that Postal Finance, at least in part, relied upon the accuracy of that statement in lending additional monies; that the bankrupt gave the statement with intent to deceive; and, as a consequence of this transaction, the bankrupt received $301.43 in additional funds, determined to be nondischargeable by the Referee.

On August 23, 1971 the bankrupt furnished creditor Household Finance Corp. with a financial statement listing his total indebtedness at $3,300.00. The bankrupt omitted from this statement at least $2,000.00 in additional indebtedness. The Referee found that this August 23 statement was materially false; that the statement was given by the bankrupt with intent to deceive; and that Household Finance Corp., at least in part, relied upon the accuracy of that statement in lending additional monies. As a consequence of this August 23 transaction the bankrupt received between $75.00 and $100.00 in additional monies. The Referee fixed the bankrupt's liability at $75.00 in the case of Household Finance Corp. Household Finance claims that the sum of $1,400.00 should have been fixed as nondischargeable indebtedness.

■ "[T]he basic purpose of the Bankruptcy Act [is] to give the debtor a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of pre-existing debt. . . . '" Lines v. Frederick, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); In re Busatt, No. 73–B–5 (E.D.N.Y. July 10, 1973); In re Fuhrman, No. BK–72–756 (W.D.N.Y. Nov. 2, 1972). Exceptions to discharge should be construed in favor of the bankrupt so far as reasonable. Gleason v. Thaw, 236 U.S. 558, 35 S.Ct. 287, 59 L.Ed. 717 (1915).

Decisions in this circuit have stressed the weight that must be accorded the Referee's findings of fact. *See* In re Melnick, 360 F.2d 918, 920 (2d Cir. 1966); In re Busatt, *supra*.

Household Finance argues that the 1960 amendment was intended only to remove the windfall previously enjoyed by creditors who had not been defrauded but to still give the defrauded creditor the right to enforce his total contract of debt after the discharge. It is the position of the Referee that it would be illogical to except from discharge that portion of the preexisting debt which is untainted by fraud. This court affirms the findings and decision of the Referee.

Section 17(a)(2) of the Bankruptcy Act [11 U.S.C. § 35(a)(2)], in specifying exceptions to the operation of the discharge, is to be strictly construed in favor of the bankrupt. *See* Gleason v. Thaw, *supra*. Furthermore, the legislative history of the 1960 amendment supports this:

In view of the protection which section 17a(2) gives to the creditor, and in view of the abuses which have grown out of section 14c(3), the committee believes that it is desirable to eliminate the false financial statement as a ground for the complete denial of a discharge insofar as the individual noncommercial bankrupt is concerned.

1960 U.S.Code Cong. and Admin.News, pp. 2954, 2955.

■ Since the 1960 amendment is thus read to impose no special penalty, the New York "actual pecuniary loss" measure of loss in fraud actions applies. *See* In re Fuhrman, supra; Hanlon v. MacFadden Publications, 302 N.Y. 502, 99 N.E.2d 546 (1951). The Referee's order, finding the sums of $301.43 in the case of Postal Finance Co. and $75.00 as to Household Finance Corp. as nondischargeable, is affirmed.

So ordered.