In the Matter of Thomas E. McNEE, Bankrupt.

BENEFICIAL FINANCE CO. OF NEW YORK, INC., Plaintiff,

v.

Thomas E. McNEE, Defendant.

No. 74 B 505.

United States District Court, S. D. New York.

Feb. 18, 1975.

David Peterman, Yonkers, N. Y., for plaintiff; Weisman, Celler, Spett, Modline & Wertheimer, New York City, of counsel.

Robert Schulz, New York City, for defendant.

METZNER, District Judge:

Beneficial Finance Co. of New York, Inc. (Beneficial) appeals from that part of an order of Bankruptcy Judge Howard Schwartzberg, entered on September 27, 1974, which determined that only part of defendant-bankrupt McNee's debt to Beneficial was nondischargeable.

The bankruptcy judge found that McNee, who filed a voluntary petition in bankruptcy on April 29, 1974, applied to Beneficial for a loan of $1,508.62 on December 14, 1973. At that time he was already indebted to Beneficial under a prior loan for $1,408.86. In the application for the second loan McNee failed to disclose a number of other creditors in what the bankruptcy judge found was a deliberate attempt "to induce Beneficial to grant the loan in question."

Relying on this materially false statement, Beneficial combined the loans into one new loan for $2,027.55. It issued a check to McNee for $156.46, gave him $200.00 in cash, applied $31.57 for insurance charges, and used the balance of the loan to satisfy the existing debt.

The bankruptcy judge concluded that the $388.03 in fresh cash was not dischargeable under Section 17a(2) of the Bankruptcy Act, 11 U.S.C. § 35(a)(2) (1970). He also concluded that the portion of the new loan which was used to satisfy the existing debt "is not a debt for obtaining money on credit or an extension or renewal of credit in reliance upon a materially false statement in writing . . . and, pursuant to Section 17a(2) of the Bankruptcy Act, is

dischargeable." It is from this portion of the decision that Beneficial appeals, claiming that the entire debt is nondischargeable.

In making his determination, the bankruptcy judge took into account the fact that "the basic purpose of the Bankruptcy Act [is] to give the debtor a 'new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.'" Lines v. Frederick, 400 U.S. 18, 19, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970) quoting Local Loan Co. v. Hunt, 292 U.S. 234, 244, 54 S.Ct. 695, 78 L.Ed. 1230 (1934). For this reason, the bankruptcy judge noted, bankruptcy decisions have repeatedly held that in cases where fresh cash is obtained at the same time a preexisting loan is renewed only the fresh cash was actually "obtained" by the bankrupt as a result of the false statement relied upon.

One such decision relied upon is In re Soika, 365 F.Supp. 555 (W.D.N.Y.1973), wherein Judge Curtin cited the principle that "[e]xceptions to discharge should be construed in favor of the bankrupt so far as reasonable." 365 F.Supp. at 556. See also Shuchman, The Fraud Exception in Consumer Bankruptcy, 23 Stan. L.Rev. 735, 761–62, 771–72 (1971).

On the other hand, Judge Burke of the Western District decided a case similar to the instant action in favor of Beneficial, the plaintiff therein. In re Shade, No. 73 Bk 1018 (W.D.N.Y. July 24, 1974). In holding that the total amount of the new note should be nondischargeable, the court relied on what it claimed was "unequivocal" language in Section 17a(2).

This interpretation of Section 17a(2) does not take into account the fact that in the instant case the debtor's monthly payments increased after the second loan from $52.18 each month to $56.00 each month. As a result, the debtor was not getting an extended period to pay off the money originally obtained in the first loan. The extension appears to be related solely to the fresh cash received at the time the second note was signed. This

was not a case of a debtor being delinquent in his payments and receiving an extension of time to pay off the loan.

It is important to note that the only reason the original loan had to be rewritten was to permit Beneficial to get the additional business and comply with Section 352(b) of the Banking Law which provides that:

"(b) No licensee shall permit any loan to be split up or divided. No licensee shall induce or permit any person, nor any husband and wife jointly or severally, to become obligated, directly or contingently, or both, under more than one contract of loan at the same time, for the purpose or with the result of obtaining a higher rate of interest than would otherwise be permitted by this section." N.Y.Bank. Law § 352(b) (McKinney's Consol. Laws, c. 2, 1971).

As to the original loan, there was really no change in position between Beneficial and McNee.

For these reasons, the order and judgment of the bankruptcy judge is affirmed.