**In re Frank and Annie TAYLOR, Debtors.**

**Nos. 87 C 2267, 86 B 5176.**

United States District Court,
N.D. Illinois, E.D.

July 13, 1987.

Bernard B. Brody, Kent R. Brody, Chicago, Ill., for plaintiff.

Orin S. Rotman, Stuart J. Stein, Chicago, Ill., for defendant.

## MEMORANDUM ORDER

BUA, District Judge.

This case is before the court on appeal from United States Bankruptcy Court. For the reasons stated herein, appellant's petition for relief pursuant to 11 U.S.C. § 303(h)(1) is denied, and the decision of the Bankruptcy Court is affirmed.

## I. FACTS

Appellants, Frank and Annie Taylor (debtors), entered into a contract with appellees, Norm's Heating and Air Conditioning Company (creditor), for the installation of a water boiler in their apartment building. Conflicting testimony was offered by both parties as to whether the boiler ever worked properly. Debtors admitted they had never paid creditor but claimed that they had not done so because the boiler was defective. The record indicates that creditor made at least one attempt to fix the boiler and subsequently considered the boiler to be operating sufficiently.

The creditor's claim for unpaid goods is in excess of $11,000. Debtors' own testimony mentions two other large outstanding debts that were in default. While debtors have approximately $50,000 in equity in the apartment building, it is their only tangible asset. Debtors' only income is their monthly Social Security checks. Prior to installing the new boiler, debtors received revenue from renting the apartment units. After the boiler was installed, debtors' tenants moved out of the apartment building. The record is unclear, however, as to whether the tenants left the building because of the boiler or for possible municipal code violations.

Addressing the foregoing issues, the bankruptcy court determined that debtors were generally not paying their debts as they became due and that no bona fide dispute existed as to whether a proper installation of the boiler had been made. Therefore, the bankruptcy court entered an order for relief in favor of the creditors pursuant to 11 U.S.C. § 303(h)(1). Debtors request that the bankruptcy court's order creating an involuntary Chapter 7 liquidation with the appointment of a trustee be reversed, with prejudice.

## II. DISCUSSION

Appellate review by the district court of orders imposing involuntary bankruptcy upon the debtors by the bankruptcy court may require a number of separate inquiries. If the legal conclusion of the bankruptcy court that the facts satisfied the requirements for bankruptcy is disputed, review of the legal conclusion is *de novo*. If, however, the facts relied upon by the bankruptcy court to determine cause for involuntary bankruptcy are disputed on appeal, the district court reviews the factual determinations of the bankruptcy court under a clearly erroneous standard as provided in Bankruptcy Rule 8013.

Here the focus is upon the factual conclusion of the bankruptcy court that sufficient cause existed to accept a petition for involuntary bankruptcy under Chapter 7 of the United States Bankruptcy Code. Therefore, reversal of this decision is inappropriate unless review of the record indicates that the factual findings of the bankruptcy court are clearly erroneous. *Stim v. Simon*, 284 F.2d 58 (2nd Cir.1960). The record does not so indicate and consequently, for the reasons stated herein, the ruling of the bankruptcy court is affirmed.

A creditor must make two showings to obtain the relief of involuntary bankruptcy over a debtor. 11 U.S.C. § 303(h)(1). According to § 303(h)(1), a bankruptcy court may order relief of involuntary bankruptcy against a debtor only if "the debtor is generally not paying such debtor's debts as such debts become due unless such debts are the subject of a bona fide dispute." 11 U.S.C. § 303(h)(1).

The theory supporting the first requirement for involuntary bankruptcy (the debtor generally is not paying his debts) is simple. Bankruptcy is an orderly procedure for liquidating a debtor's assets which operates as an alternative to harsher state remedies that may favor an individual creditor as opposed to working more fairly for all creditors. When the debtor cannot pay his or her debts, bankruptcy should be an available alternative for creditors. The bankruptcy court determined that the debtors were not generally paying their debts. The uncontroverted facts indicate that in addition to the defaulted debt for the boiler, the debtors were not paying their gas bill or servicing the mortgage on the apartment building. Moreover, the size of these additional debts was considerable. When involuntary bankruptcy is the sought relief,

the court should consider both the number and amount of debts as well as the time delinquent in determining whether the failure to pay is, in fact, "general." *In re Leek Corp.*, 52 B.R. 311 (Bankr.Fla.1985); *Matter of Gill Enterprises, Inc.*, 15 B.R. 328 (Bkrtcy.N.J.1981); *In re All Media Properties Inc.*, 5 B.R. 126 (Bankr.Tex. 1980), aff'd 646 F.2d 193 (5th Cir.1981). Although certain evidence suggested debtors were regularly paying some of their utility bills, in light of debtors overall financial situation, it is reasonable to believe that the debtors were generally unable to pay their debts as such debts became due within the meaning of 11 U.S.C. § 303(h)(1).

■ The second issue is really the crux of the dispute between the parties. Again, 11 U.S.C. § 303(h)(1) provides for relief against the debtor in involuntary bankruptcy unless his debts are the subject of a bona fide dispute. Debtors argue that the debt is not owed because of defective merchandise. Creditor contends, and the bankruptcy court agreed, that the debt is not the subject of a bona fide dispute. The bankruptcy court found the boiler was installed properly and the only defect complained of was promptly fixed.

Before a petition for involuntary bankruptcy will be withdrawn, convincing evidence of a bona fide dispute must be presented. Otherwise, any debtor could defeat an involuntary petition under § 303(h)(1) by merely asserting that a bona fide dispute exists. In the present case, the bankruptcy court determined that insufficient evidence was presented to prove a bona fide dispute. A review of the trial transcript supports the bankruptcy court's conclusion that the boiler was adequately installed. Testimony by debtors shows that they complained about the boiler only a few times prior to the beginning of the bankruptcy proceedings, almost one year after the boiler was installed. Evidence presented by creditor indicates that only one problem was reported by debtors and that problem was promptly corrected by creditor's workmen. While evidence concerning the number and nature of complaints received by creditor from debtors is conflicting, this court cannot say the bankruptcy court's resolution of this factual issue is clearly erroneous. Therefore, this court cannot and will not reverse the bankruptcy court's decision.

## CONCLUSION

The bankruptcy court conducted a hearing on the merits of the dispute between these two parties. Therefore, the bankruptcy court's factual determinations must be accorded substantial deference. Bankruptcy Rule 8013 permits reversal of a bankruptcy court's ruling only if it is clearly erroneous. This is a high burden of proof and difficult to achieve. The debtors in this case do not meet this burden, and therefore, the decision of the bankruptcy court is affirmed.

IT IS SO ORDERED.