In re Carl R. TRAUGER and Rosann L. Trauger, Debtors.

VILLAS ON THE GREEN, INC., Plaintiff,

v.

Carl R. TRAUGER and Rosann L. Trauger, Defendants.

Bankruptcy No. 87–01796–BKC–AJC. Adv. No. 87–0498–BKC–AJC–A.

United States Bankruptcy Court, S.D. Florida.

May 16, 1989.

Reggie David Sanger, David A. Haines, Fort Lauderdale, Fla., for plaintiff.

Gary J. Rotella, Fort Lauderdale, Fla., for trustee.

Milton G. Friedman, Fort Lauderdale, Fla., trustee.

Harris K. Solomon, Fort Lauderdale, Fla., for debtors/defendants.

## MEMORANDUM DECISION

A. JAY CRISTOL, Bankruptcy Judge.

THIS MATTER came before this Court on May 1, 1989 at 1:30 o'clock P.M., on the Plaintiff, VILLAS ON THE GREEN, INC.'s, Motion for Summary Final Judgment. The Plaintiff sued the Defendants, CARL R. TRAUGER and ROSANN L. TRAUGER, seeking to deny the overall discharge of the Defendants under 11 U.S.C. Section 727(a)(4)(A) and alternatively, seeking a determination of dischargeability of its claims against the Defendants under 11 U.S.C. Section 523.

The Defendants, CARL R. TRAUGER and ROSANN L. TRAUGER, filed a voluntary petition under Chapter 11 before this Court on May 22, 1987. They have filed their answer to the Plaintiff's complaint making basically a general denial.

The parties agreed to consolidate discovery with the related adversary proceeding initiated by the Plaintiff against certain third parties seeking injunctive relief. The adversary number is 87-0543-BKC-AJC-A.

This Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. Section 157(b)(2)(J).

The various uncontested facts are set forth in: (1) the sworn schedules filed by the Defendants in the main bankruptcy proceeding, (2) the Defendants sworn testimony at their 2004 examinations, (3) their additional depositions, (4) their testimony at the temporary injunctive hearing and, (5) their several amendments to their schedules, Plan and Disclosure Statement, affidavits and other materials filed in this cause.

The Court understands the philosophy of Bankruptcy to be an opportunity for an honest debtor to obtain a fresh start, or a financial reorganization. As set forth below, MR. & MRS. TRAUGER do not meet this criteria. Therefore, Summary Final Judgment is by separate order entered in favor of the Plaintiff, VILLAS ON THE GREEN, INC., against the Defendants, CARL R. TRAUGER and ROSANN L. TRAUGER, on the Objection to Discharge under 11 U.S.C. 727(a)(4)(A) of the complaint which renders moot the remaining issues in the complaint.

### Undisputed Facts

On April 2, 1987, the Plaintiff, VILLAS ON THE GREEN, INC., recovered a jury verdict against the Defendants, CARL R.

TRAUGER and ROSANN L. TRAUGER, his wife, in the amount of $505,000.00 for common law fraud, racketeering and other torts. The Defendants, seeking relief from that and other liability, sought protection before this Court by filing a voluntary petition under Chapter 11 on May 22, 1987. The Defendants, under oath, filed a sworn Statement of Affairs and schedules listing their liabilities and assets as of the date of the filing of the petition, May 22, 1987.

At the subsequent 2004 examination of the Defendants taken by the Plaintiff, they each swore to the accuracy of the information contained in their bankruptcy schedules and knew of no amendments to be made thereto. Also, at the 2004 examinations, the Defendants stated that they had been borrowing money from one Richard Rosa, which included $25,000.00 for the payment of their lawyer in this action.

After additional discovery was conducted in the main bankruptcy proceeding, and upon the verified complaint, this Court entered a temporary injunction without notice directed to the Defendants and appointed an examiner to take an inventory of the Defendants' residence. A hearing was set for November 16, 1987. During the course of the inventory, the examiner found an undisclosed safe containing cash, jewelry, stock and notes. He also inventoried other personal property which was omitted from the schedule of assets filed by the Debtors.

At the November 16 hearing, the Court heard CARL R. TRAUGER and Mr. Richard Rosa each swear, under oath, about things that were absolute gross fraud; e.g., that the cash (in excess of $10,000.00) that was located in the undisclosed safe was from loans that Mr. Rosa had made to the Defendant during the pendency of this proceeding. The parties agreed to continue the temporary injunction with certain modifications.

Thereafter, some seven months later and after being discovered, the Defendants, on December 17, 1987, filed sworn amendments to their original schedules and the Statement of Affairs which disclosed the following additional assets and liabilities and responses to the Statement of Affairs

that were not made in the initial filing of the schedules in this cause which included:

(a) Listed the inventory of property discovered by the examiner;

(b) Disclosed the safe at Debtors residence and the contents of same;

(c) Richard Rosa's loan on schedule A–3 of unsecured debts was increased to $38,000.00;

(d) The Defendants reflected a transfer of a ring purchased in 1978 for $20,000.00 which was conveyed to Attorney Leo Greenfield in January 1986 which had a value at time of conveyance of $37,500.00;

(e) 1987 Suzuki Samurai which was titled in Kimberly Trauger, daughter of the Defendants, which was purchased from proceeds of sale of a 1984 Mercedes Benz titled to Carl Trauger Enterprises, Inc.;

(f) Four notes from Jack Weber which were listed as no value.

The Plaintiff then resumed extensive discovery which revealed three secret accounts at the European American Bank in New York in the names of the daughters of the Defendants, Pamela and/or Kimberly Trauger, (one account was in trust for RO-SANN L. TRAUGER). These three accounts were opened in April 1987, just weeks after the jury verdict in favor of the Plaintiff against the Defendants and just weeks prior to Defendant's filing bankruptcy (May 22, 1987) and did not appear in their original schedules or in their amended schedules. As a result of this discovery, the Defendants then filed yet another amendment to their sworn schedules and admitted that the money in these accounts (approximately $250,000.00) was in fact theirs in March 1989. The Defendants further stated that they were advised by their state court lawyer to transfer these funds to an out of state bank in the name of their daughters.

The Court observes that neither the original petition, nor the first amendment thereto filed December 17, 1987, contains any disclosure (under the questions of the Statement of Affairs) of these monies to their daughters nor is there a disclosure in response to question 7 of the Statement of

Affairs as to whether anyone is holding any property on behalf of the Defendants.

In summary, it is clear to the Court that the TRAUGERS on a grand scale falsely swore, misrepresented, concealed assets and did almost all the things that are proscribed in the Code regarding a basis for denial of discharge.

## DISCUSSION

### I. Summary Judgment Standards:

Summary judgment is proper on the pleadings, depositions, affidavits, sworn statements, schedules and admission on file and other materials show there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986), *Matsushita Electrical Industries Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

In determining the Motion for Summary Judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In determining whether the evidence is sufficient, the Court must apply the substantive evidentiary standard that would be applicable at trial.

While the party seeking the summary judgment bears the initial responsibility of informing the Court of the basis of its motion, it must identify those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Once this is done, the opposing party must not rest on mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. When the entire record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue

for trial. *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 13. The Court should not "weigh the evidence", *Anderson*, 477 U.S. at 249, 106 S.Ct. 2510. However, "if evidence opposing summary judgment is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11.

### DISCUSSION OF FALSE OATHS

■ The thrust of Plaintiff's motion seeking denial of the discharge of the Defendants is 11 U.S.C. Section 727(a)(4)(A), which provides that the Court should not grant a discharge to one who:

> ... knowingly and fraudulently, in or in connection with the case—made a false oath or account.

The issue before this Court is straight forward. As Judge Proctor succinctly stated:

> "Major improprieties will not be permitted or condoned in schedules filed by a debtor who signs and acknowledges under penalty of perjury that same are true and correct. To do otherwise is to make a mockery of the process." *In re Collins*, 19 B.R. 874, 878 (Bkrtcy.Ct.M.D. Florida, 1982)

Thus, the Court needs to determine whether or not the Defendants petition and supporting schedules have been accurately and truthfully presented before the Court. Not only are Defendants petition and supporting schedules dishonest and inaccurate, the Court finds that what the Defendants have attempted to perpetrate a gross fraud upon the Court.

Looking at the facts most favorably to the Defendants, their initial sworn Statement of Affairs and supporting schedules, when compared with their amendment made on December 17, 1987 (after the examiner discovered the hidden safe, cash, jewelry, etc.), and the later amendment dated March 1989, (almost two years after the initial petition of May 22, 1987), admits that hundreds of thousands of dollars of assets were intentionally omitted from their initial schedules, as well as the disposition of approximately $250,000.00 from the three hid-

den bank accounts in New York of which approximately $160,000.00 was disposed of in less than sixty (60) days prior to their bankruptcy petition, and another $87,000.00 post-petition.

The Court also notes that the Defendants, CARL R. TRAUGER, committed perjury numerous times in each of the three sworn depositions taken in this case. Similarly, the Defendant, ROSANN L. TRAUGER, committed numerous acts of perjury during her two sworn depositions, all in an effort to conceal their fraudulent petition and schedules.

The Court further notes the perjury of close friends of the Defendants, Richard Rosa and John Santoriella, not only in their depositions, but in one instance, by Richard Rosa before this Court, in an effort to assist the Defendants in the perpetration of their fraudulent scheme by repeatedly swearing that certain loans to or from the Defendants were legitimate, which, as now admitted by the Defendants, is false. The money was not loans—it belonged to the Defendants from the beginning.

Only CARL TRAUGER filed an affidavit in opposition to the Plaintiff's Motion for Summary Judgment. It states that he and his wife were advised by their state court lawyer, Leo Greenfield, to transfer the monies (prior to the filing of their bankruptcy petition) to an out of state bank in the names of their daughters, which resulted in the three hidden New York accounts. Nowhere in the original schedules, nor in the first amended schedules filed December 17, 1987, do they reveal these transfers, or the bank accounts. The Defendants have given no reason as to why they did not make the disclosure in the original schedules or the amended schedules filed December 17, 1987, but rather waited until after the Plaintiff had discovered and subpoenaed the European American Bank for the banking records which disclosed the three accounts.

The Court observes that the Defendants compounded their falsehoods by swearing to the accuracy of the schedules at their 2004 examinations and, later, filed amendments (December 1987) increasing their liabilities to Richard Rosa (swearing that he had loaned money to the Defendants) when in fact, the Defendants originally gave the money to Mr. Rosa for these alleged loans.

Consequently, in light of the evidence and the admissions made by Defendants in their latest amendments, it is impossible for the Defendants to come forward with any proofs to show there is any genuine issue as to a material fact that the false oaths made were done knowingly and fraudulently. That is, after two years of extensive discovery by the Plaintiff, the Defendants were forced to admit their fraudulent scheme and conduct.

■ The Defendants seek to mitigate the consequences of their acts by explaining that they disclosed the various hidden items after discovery. First, such is not a cure. Second, if this type of conduct were to be condoned and would cure denial of discharge, chaos in the Bankruptcy Courts would result because bankrupts would be encouraged to falsify filings with the concept of a later remedy by disclosure if it subsequently appeared that the false filings would be discovered. Such makes no sense.

■ The Defendants only justification they advance is that they acted on advise of counsel. However, even if the Defendants had added that their lawyers had told them to make the many false oaths made in this proceeding (which Defendants have not), such would not be a valid defense. Actions taken on advise of counsel is not a defense when such action is improper or illegal. *In re Collins*, 19 B.R. 874 (M.D. Fla.1982), *In re Eaton*, 110 F. 731 (N.D.N.Y.1901), *Matter of Stafford*, 226 F. 127 (D.Conn.1915).

■ Notwithstanding that the hidden bank accounts alone approximates $250,-000.00, the Defendants have also attempted to escape the denial of discharge on the basis that the information not disclosed was concerning what they thought were worthless assets. The Eleventh Circuit in *In re Chalik*, 748 F.2d 616 (11th Cir.1984) put this argument to rest when it stated;

"The recalcitrant debtor may not escape Section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious. *Diorio v. Kreisler-Borg Construction Co.*, 407 F2d 1330 (2nd Cir.1969). It makes no difference that he does not intent to injure his creditors when he makes a false statement. Creditors are entitled to judge for themselves what will benefit, and what will prejudice them. *Morris Plan Industrial Bank v. Finn*, 149 F2d 591, 592 (2nd Cir.1945). See *Duggins v. Heffron*, 128 F2d 546, 549 (9th Cir.1942). The veracity of the bankrupt's statements is essential to the successful administration of the Bankruptcy Act." *Diorio*, 407 F2d at 1331.

█ Finally, the Defendants asserted that the Plaintiff is not entitled to recover as a matter of law on the basis of *In re Bloom*, 3 B.R. 467 (Bkrtcy.C.D.Cal.1980), which stated that Section 727 is only applicable in straight bankruptcy proceedings. The Court distinguishes this case as dealing with a Chapter 13. Additionally, Section 1141 under the Bankruptcy Code specifically provides that a debtor is not discharged by the confirmation of a plan if the plan is a liquidating plan and if the debtor would be denied discharge in a liquidation case under Section 727. The plan confirmed by this Court is clearly a liquidating plan and the Court reserved jurisdiction to hear all suits seeking a determination of dischargeability of debt and/or objection to discharge.

Accordingly, by separate Summary Final Judgment, the Plaintiff's Motion for Summary Final Judgment on Objection to Discharge will be granted and the discharge of the Defendants will be denied under 11 U.S.C. Section 727(a)(4)(A). By virtue of the Court's ruling, it is unnecessary to reach the remaining grounds in the motion.

Done and Ordered.