In re Robert H. KLEIN and Barbara A. Klein, Debtors.

ANSVAR AMERICA INSURANCE COMPANY, Plaintiff,

v.

Robert H. KLEIN and Barbara A. Klein, Defendants.

Bankruptcy No. 88–1594–BKC–3P7. Adv. No. 88–228.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

May 21, 1990.

Francis J. Milon, Jacksonville, Fla., for plaintiff.

Michael S. May, Jacksonville, Fla., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint of Ansvar America Insurance Company objecting to the discharge of the defendants, Robert H. Klein and Barbara A. Klein. A trial was held on April 12, 1990, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

The defendants filed for relief under Chapter 7 of the Bankruptcy Code on July 19, 1988. In conjunction with their filing, the defendants submitted and signed a "Joint Statement of Financial Affairs" dated July 15, 1988. In response to Question 12b of the Joint Statement, the defendants denied any transfers of property within one year of the date of the filing.

The evidence supports that on January 1, 1988, defendant Robert Klein transferred to his wife, defendant Barbara Klein, without consideration, real property located in Illinois. Subsequently, on June 24, 1988, defendant Barbara Klein transferred this same property to unrelated third parties for $106,500.00. It is undisputed that these transfers were not disclosed on the Joint Statement of Financial Affairs.

At the section 341 meeting of creditors held on September 2, 1988, counsel for the plaintiff questioned the defendants about the sale of the Illinois realty. On October 27, 1988, defendants served amended schedules listing the transfers.

### CONCLUSIONS OF LAW

11 U.S.C. § 727 provides in relevant part:
(a) The court shall grant the debtor a discharge, unless—

. . . . .

(4) the debtor knowingly and fraudulently, in or in connection with the case—
(A) made a false oath or account....

This Court has previously held that major improprieties will not be permitted or condoned in schedules filed by debtors who sign and acknowledge under penalty of perjury that the same are true and correct. *In re Collins,* 19 B.R. 874, 878 (Bankr.M.D. Fla.1982).

The decision in *Collins* followed well established law that the filing of an amended schedule does not relieve a debtor of having made a false oath. *In re Melnick,* 360 F.2d 918 (2nd Cir.1966); *Mazer v. United States,* 298 F.2d 579 (7th Cir.1962); *see also, In re Trauger,* 101 B.R. 378 (Bankr.S. D.Fla.1989).

The facts of *Collins* are directly analogous to the instant case. In *Collins* the debtor transferred a substantial sum of money in satisfaction of his mortgage. Subsequently he filed his petition without disclosing this transfer. It was not until after the § 341 meeting of creditors that the debtor amended his schedule. *Collins* at 875. The Court found then, as it does now, that the facts do not suggest an innocent omission but rather a false oath made "knowingly and fraudulently."

The defendants argue that the omission was innocent in nature when made and cured by the amendment to their schedules. However, in cases where amendments have been seen as relieving the debtor of the consequences of a false oath, the amend-

ments were voluntary, coming before disclosure to the debtor that the creditors or trustee had discovered the falsity. *In re Shebel,* 54 B.R. 199 (Bankr.D.Vt.1985); *Rosenbaum v. Kilson,* 83 B.R. 198 (Bankr. D.Conn.1988).

It is of fundamental importance to the administration of the bankruptcy system that a debtor present himself or herself accurately and truthfully before their creditors and the Court. Failing to do so necessitates the forfeiture of the discharge.

The Court will by separate order deny the debtors' discharge pursuant to 11 U.S.C. § 727(a)(4)(A).