In re MARSHALL.
No. 144.

Circuit Court of Appeals, Second Circuit.
Jan. 5, 1931.

Winifred Sullivan, of New York City, for appellant.

Whitbeck & Griffin, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

Section 14b of the Bankruptcy Act, as amended by Act May 27, 1926, § 6 (11 USCA § 32(b), provides among other things that a bankrupt shall be discharged unless he has committed an offense punishable by imprisonment as provided in the act. Section 29b of the act, as amended by Act May 27, 1926, § 11 (11 USCA § 52(b), makes it such an offense to make a false oath in or in relation to any proceeding in bankruptcy. Under section 14b, whenever an objector shows to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which would prevent his discharge, the burden is on the bankrupt to prove that he has not committed such acts.

In this case the bankrupt prepared and gave to Healy a new receipt in November, 1928. Within two months, and when the fact must have been fresh in his mind, he deliberately testified on two occasions that he had given that receipt of Healy in 1924. That a motive for such false swearing is not altogether plain is of no moment whatever. It is enough that the bankrupt intentionally testified falsely on a material matter on a material issue. In re Slocum (C. C. A.) 22 F.(2d) 282. That the receipt was a material matter in the proof of a claim itself a material issue is self-evident, and, for some reason best known to himself, the bankrupt, well knowing that his testimony was false, attempted to make it appear that the receipt produced was the original and not one that he had recently given Healy to use in the bankruptcy proceedings. As an appeal in bankruptcy brings up both questions of law and of fact for trial de novo, Schieber v. Hamre (C. C. A.) 10 F.(2d) 119, we can dispose of this case here.

Orders reversed, with costs to the appellant, and discharge denied.