## In re KRULEWITCH.

District Court, D. New Jersey.
May 24, 1932.

Thompson & Hanstein, Isadore Sacks, and Moore & Butler, all of Atlantic City, N. J., for objecting creditors.

Philip Monheit and Emerson L. Richards, both of Atlantic City, N. J., for bankrupt.

AVIS, District Judge.

The referee, to whom this matter was referred, filed a report, denying the bankrupt a discharge. It is now before the court on exceptions filed by the bankrupt.

The refusal to discharge is based upon the allegations:

(1) That the bankrupt "destroyed, mutilated, falsified, concealed, or failed to keep books of account, or records, from which his financial condition and business transactions might be ascertained."

(2) "Obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition."

The above quotations are from the statute as amended May 27, 1926, c. 406, § 6, 44 Stat. 663, 11 USCA § 32.

This amended section is materially different in wording and effect from the original, section 14 of the Bankruptcy Law passed July 1, 1898, amended February 5, 1903 and June 25, 1910 (11 USCA § 32). It is apparent, from the reading of the specification of objections and the exceptions filed, that counsel for the respective parties relied upon the provisions of the act before the amendment of 1926.

Under the amendment, it is no longer necessary that the bankrupt's failure to keep books, etc., shall be "with intent to conceal his financial condition. * * *"

The provisions of the amendment justify a refusal to discharge for failure to keep books, etc., "unless the court deem such failure or acts to have been justified, under all the circumstances of the case."

The amended act also provides that "if, upon the hearing of an objection to a discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which, under this paragraph (b), would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any of such acts shall be upon the bankrupt."

The evidence in this case discloses that the bankrupt had many financial transactions, concerning which he apparently kept no books, or records, or which he concealed and failed to produce, and that from them his financial condition and business transactions might have been ascertained.

His attempted explanation of the disappearance of some of his records, particularly in view of the testimony of the sheriff that no books of account were taken into his custody, is not a sufficient explanation.

An examination of the testimony convinces the court that there was, and is, "reasonable grounds for believing that bankrupt" failed to keep, or concealed, books of account and records.

This being so, the burden was on the bankrupt to account for their disappearance, and substantiate his statement that he had actually kept the book about which he testified.

No clear statement of his transactions with his father-in-law was made by the bankrupt in his testimony, nor did it indicate that he had in any way attempted to discover by

any records, which might be available, what his business dealings were in this regard.

It was impossible from the testimony to obtain any fair or decent understanding of his business dealings prior to bankruptcy.

The case of Nix v. Sternberg (C. C. A. 8) 38 F.(2d) 611 contains a very clear statement of the effect of the amended statute, with which this court entirely agrees.

In the case of In re Northridge (D. C. S. D. N. Y.) 53 F.(2d) 858, the court, in construing this same statute, among other things, said: "The law does not demand the impossible, and in the circumstances in which the bankrupt was situated, it was not necessary to keep elaborate books of account, or comprehensive records, to show his financial condition, but it was essential that there should be in fairly complete form books or records sufficient to disclose or reflect with a fair degree of accuracy the financial condition and business transactions of the bankrupt at the time of and prior to the filing of the petition." Page 859 of 53 F.(2d).

The referee in the instant case was right in denying the discharge on this specification, and his action is affirmed.

This conclusion does not require the court to discuss the second point involved, but, as actual fraud is charged in that specification, fairness to the bankrupt impels me to state my conclusions on that point.

The bankrupt is charged with making a false credit statement. The basis of this claim arises out of the following circumstances: It appears that some time before bankruptcy, the bankrupt desired to procure $10,000, and that his father-in-law, Kalman Leon, was apparently willing to assist him in procuring this money.

Upon application to the Atlantic Safe Deposit & Trust Company, some one at the bank suggested, or required, that the maker of the note must be Leon, and the indorser the bankrupt. Accordingly, a note was prepared for the above sum, with Leon as maker, payable to, and indorsed by, the bankrupt. The evidence showed that the proceeds of the note were deposited to the credit of Leon, and transferred to the bankrupt, presumably by check or other order of Leon.

It is a question in my mind as to the legal effect of this transaction. Technically the bankrupt was an accommodation indorser. It is possible, legally, that this is a fact, and that the bankrupt was a debtor in the first instance to Leon and not to the bank.

In making his statement to the two banks,

the bankrupt disclosed the amount due on this note, but listed it as if he were an accommodation indorser, indicating that he was not personally liable, and this is the only claim made under this specification.

Before this credit statement could be made the basis for denying the discharge, it must be shown that it was not only false, but that it was knowingly and intentionally untrue.

The words "false statement," as construed by the courts, denote a guilty scienter on the part of a bankrupt. See 11 USCA § 32, note 235, p. 44.

Having some doubt as to whether the statement was false, and believing from all the testimony that there was no guilty scienter on the part of the bankrupt, this specification is dismissed.

An order will be made denying discharge, in accordance with this memorandum.