## SHANBERG et al. v. SALTZMAN.

### No. 2794.

Circuit Court of Appeals, First Circuit.

March 6, 1934.

Max Winograd, of Providence, R. I. (William J. Carlos, of Providence, R. I., on the brief), for appellants.

Maurice Robinson, of Providence, R. I., for appellee.

Before WILSON and MORTON, Circuit Judges, and PETERS, District Judge.

MORTON, Circuit Judge.

This is an appeal by creditors from an order of the District Court granting to Saltzman, the bankrupt, a discharge. The objections to the discharge were heard in open court by the District Judge. On well-settled principles of law his findings of fact must stand unless we are satisfied that they were clearly wrong. In re Slocum, 22 F.(2d) 282 (C. C. A. 2).

Several specifications of objection were relied on. We find it necessary to consider only one, viz., that the bankrupt made false oaths in the bankruptcy proceedings, with respect to the Breitman notes and claim. See Bankr. Act §§ 14 and 29b, 11 USCA §§ 32, 52 (b). Breitman, a brother-in-law of the bankrupt, filed a proof of claim on notes alleged to have been made by the bankrupt, aggregating $2,700. In the schedules, which

the bankrupt signed and swore to, he listed Breitman as a creditor upon these notes; and in the proceedings he testified that the notes were given by him at approximately the dates which appeared on them, i. e., between July 29, 1929, and June 14, 1930.

There were circumstances which cast doubt upon this story. The bankrupt's books at the time of the failure contained no record of any such transactions. After the filing of the petition and before the books were taken over by the receiver or trustee, the bankrupt admittedly inserted entries relating to these notes in such form that they would appear to have been contemporaneous with the transactions. Breitman's canceled checks, which were said by him and the bankrupt to have been the advances for which the notes were given, did not precisely correspond with the notes. This discrepancy might be of so significance, or it might indicate, as counsel for the objector contended, that the Breitman claim and notes were a fraudulent afterthought, and that old checks had been hunted up by Breitman to give the notes apparent foundation. In view of the bankrupt's admission, on his examination, that in certain particulars relating to these notes he had testified falsely, the reliability of his testimony was seriously weakened.

One Clark, a qualified expert on handwriting and analogous matters, testified before the District Judge that, from an examination of the ink in the body and the signatures of the notes offered, he was confident they were written not more than eight weeks before the time when they were submitted to him for examination, i. e., not earlier than January 1, 1932 —the bankruptcy petition was filed December 22, 1931; that ink undergoes chemical changes by oxidation for a certain period after the writing is made; that this period had not completely elapsed as to these notes at the time when he saw them; that both the alleged original notes, and the copies of them which were annexed to Breitman's proof of claim, were with one exception on the same sort of blanks and written with the same ink, and apparently at the same time. On the printed record, Clark's testimony appears reliable and persuasive. No evidence was offered in contradiction of it. Breitman did not testify at the hearing on discharge.

The District Judge in giving his oral judgment stated that, when this specification of objection was first brought to his attention, inasmuch as it involved a charge of perjury against the bankrupt, he caused it to be referred to the United States attorney for investigation; that the United States attorney had reported that after investigation the evidence was not in his opinion sufficient to justify prosecution. The District Judge then said, in substance, that, as the evidence would not warrant conviction on the criminal charge, it was not in his opinion sufficient to sustain this objection to the discharge. Referring to the testimony of Clark, he said "he was not at all sure Mr. Clark was not right," but that his evidence, standing alone, would not be sufficient to prove Saltzman probably guilty of an offense punishable by imprisonment. In conclusion, after again referring to the report by the United States attorney, he said, "Under such circumstances I can make no such finding," i. e., that the bankrupt had committed perjury about the Breitman notes.

█ Though his views were informally expressed in a running discussion with counsel for the creditors, and no formal rulings were requested or made, it is clear that he, in effect, held the objecting creditor to a much higher degree of proof than a fair preponderance of the evidence which is what the law requires on the issue presented. In re Merritt, 28 F.(2d) 679 (C. C. A. 9); In re Slocum, 22 F.(2d) 282 (C. C. A. 2); In re Marshall, 47 F.(2d) 209 (C. C. A. 2). We do not share his feeling that the law as it stands is inconsistent or illogical in the matter. There is a wide difference between a charge of serious crime and the refusal of discharge. The former ought to be proved beyond reasonable doubt; the latter is a privilege which a bankrupt is not entitled to unless he deserves it. In re Solomon (C. C. A.) 37 F.(2d) 18; In re Northridge (D. C.) 53 F.(2d) 858, 18 A. B. R. (N. S.) 213, 215. The fact that the bankrupt has been tried and acquitted on a criminal charge resting on the same allegations of fact as the specifications of objection has been held to have no bearing on the question of discharge. In re Simon, 268 F. 1006 (D. C. Mass.).

█ The Bankruptcy Act expressly provides that if, upon the hearing of an objection to discharge, the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt committed any of the acts which, under section 14 (b) (the paragraph applicable to the present case), would prevent his discharge, "then the burden of proving that he has not committed any of such acts shall be upon the bankrupt." Bankr. Act § 14b, as amended by the Act of May 27, 1926, § 6 (11 USCA § 32 (b). This provision was not re-

ferred to by the District Judge in his decision. The evidence submitted by the objector clearly showed, in our opinion, reasonable grounds for believing that the bankrupt's testimony about the Breitman notes was knowingly false. The situation presented was radically different from that which the District Judge had in mind. The burden of proof was upon the bankrupt to show that he had not committed the offense charged, a burden which he clearly failed to sustain. In re Gottlieb (C. C. A.) 262 F. 730; Ohio Valley. Bank Co. v. Mack, 163 F. 155, 24 L. R. A. (N. S.) 184 (C. C. A. 6).

It is unnecessary to decide the other questions raised. The order granting the discharge is reversed, with costs to the appellant, and the discharge is denied. See In re Marshall (C. C. A.) 47 F.(2d) 209.

The order of the District Court granting the discharge is vacated, with costs to the appellants, and the case is remanded to that court, with directions to enter an order refusing the discharge.