**In re DOREMUS.**

No. 23835.

District Court, E. D. New York.

April 27, 1934.

Ben Weichselbaum, of Corona, L. I., N. Y., for bankrupt.

Weinberg & Weinberg, of New York City, for objecting creditor George I. Branower.

BYERS, District Judge.

Motion to confirm report of referee granting discharge.

A reading of the testimony and examination of the exhibits creates the impression that the objecting creditor has produced evidence sufficient to place upon the bankrupt the burden of proving that he has not committed an act which would prevent his discharge.

Specification 2 refers to an allegedly fictitious mortgage purporting to have been given to secure loans aggregating $8,500.00. If the mortgage had no valid inception, the oath to the schedules was false, and the dis-

charge would be denied. Section 14 of Bankruptcy Act as amended by act May 27, 1926 (11 USCA § 32). The proviso in clause 7 of subdivision b of that section (11 USCA § 32 (b) (7), which has to do with the burden of proof, must be given attention. See Shanberg v. Saltzman (C. C. A.) 69 F.(2d) 262.

█ The bankrupt stated in writing, in his financial statement of April 14, 1931 (Exhibit 1) that his Lynbrook property was free and clear. He stated before the referee that the mortgage for $8,500.00 was executed and delivered on October 7, 1930, over six months prior to the date of the financial statement. One of those two statements was false.

That was the bearing upon the issues, of the exhibit in question. For the purpose of testing the bankrupt's evidence, it was properly admitted by the referee.

When the financial statement was made, if it was untrue, the bankrupt was discredited as a witness before the referee. If it was true, his testimony concerning the inception of the mortgage was untrue.

The very nature of the alleged loans, according to what was said by the bankrupt and the mortgagee, was sufficient to excite scepticism and to suggest diligent inquiry. The testimony of the bankrupt as to his methods in purchasing stock of the American Telephone & Telegraph Co. was so opposed to common knowledge as to anything but the exercise of rights, as to discredit his entire version of the matter.

It is difficult to believe that neither the bankrupt nor the alleged mortgagee has any record whatever of a series of alleged loans, covering a period of years, and aggregating $8,500.00. The mortgagee's reluctance to explain why he kept $4,000.00 in cash in his home, while he was maintaining a bank account and was engaged in business, ought to have suggested misgivings concerning acceptance of the testimony without some element of corroboration.

Specification 3 has to do with a $500.00 alleged loan, also in cash, as to which there is apparently no record or memorandum whatever, and the giving thereafter of a chattel mortgage on the bankrupt's automobile by way of security.

There is nothing to discredit this transaction except the same failure to produce any evidence whatever that the loan was made, and that the proceeds were received by the bankrupt.

█ The matter will be sent back to the referee to take additional proof from the bankrupt, tending to sustain the good faith of each alleged loan, upon the theory that the bankrupt's conflicting statements concerning the $8,500.00 mortgage have so discredited him as to put upon him the burden of proof as to the matters involved in these two specifications.

Settle order.