### In re STEINBERG.

No. 313.

Circuit Court of Appeals, Second Circuit.

May 19, 1944.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

█ The referee's finding that the bankrupt "knowingly" made a false oath binds us, for the referee saw and heard the bankrupt testify and we cannot, therefore, go behind his conclusions as to credibility. The only question is whether the oath was "fraudulently made." We would be inclined to say no, if this were a case of first impression; as the bankrupt had no assets, the omission of the claims of his relatives could not have been designed to prefer them, and it is difficult to perceive any fraudulent purpose, either in those omissions or the failure to include the claim for taxes. Perhaps the omission of the insurance agent's claim shows a fraudulent purpose. But we need not consider that question. For we bow to the precedents which, in practical effect, have read the word "fraudulently" out of the statute by the use of the phrase, "an intentional untruth in a matter material to the issue which is itself material." In re Slocum, 2 Cir., 22 F.2d 282, 285; In re Zoffer, 2 Cir., 211 F. 936; In re Marshall, 2 Cir., 47 F.2d 209. Under those authorities it is enough that the false oath here was knowingly made.

Affirmed.

Louis Engelberg, of New York City, for bankrupt-appellant.

Henry W. Parker, of New York City (Martin B. Nadle, of New York City, on the brief), for objecting creditor-appellee.