## TANCER v. WALES.

### In re WALES.

### No. 148, Docket 20016.

Circuit Court of Appeals, Second Circuit.
July 9, 1946.

Edward I. Byer, of New York City, for appellant.

Morris J. Junger, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

628

AUGUSTUS N. HAND, Circuit Judge.

The bankrupt Wales was granted a discharge by the referee which was confirmed by the District Court. The trustee appeals and contends a discharge ought to have been denied because the bankrupt:

(1) Knowingly and fraudulently concealed a certain contract of employment dated September 5, 1944, with one Norman Bel Geddes & Co., whereby he retained a substantial interest in certain inventions claimed in his schedules;

(2) Knowingly and fraudulently concealed certain contract negotiations in which he was engaged with General Mills, Inc., of Minneapolis, Minnesota, whereby the latter offered to market one of the bankrupt's inventions, to wit: an automatic washing machine, set forth in his schedules;

(3) Knowingly and fraudulently made false oaths in his schedules and at the first meeting of his creditors held on January 31, 1945, concerning the matters evidenced by the contract of September 5, 1944, and the negotiations with General Mills, Inc.

The referee overruled the objections of the trustee to a discharge, held that the bankrupt did not knowingly and fraudulently conceal property, or knowingly and fraudulently make any false oath. He accordingly granted a discharge to the bankrupt which Judge Bright confirmed on a petition to review filed by the trustee.

We think proof is lacking that the findings of the referee were, as contended by the trustee, clearly erroneous. There was evidence that prior to the filing of the petition in bankruptcy on January 9, 1945, the contract of September 5, 1944 was known to the trustee, to Satterlee, the bankrupt's principal creditor, and to Byer who acted as attorney for Satterlee in supplemental proceedings instituted on behalf of Satterlee in the City Court of the City of New York. The contract of September 5, 1944, provided that if Norman Bel Geddes & Co. should sell any of the inventions of Wales, or any articles based upon them, Wales should receive certain percentages of the proceeds in addition to his regular salary as an employee of the company.

The negotiations with General Mills, Inc., resulted only in an option to acquire an interest in a patent to Wales for a washing machine—an option which was never exercised and was finally cancelled. The failure to schedule two of the Wales' patents was due to a mistake of the latter's secretary who, after making a search for all his patents and pending applications, failed to discover or report those omitted from the list annexed to the schedules.

After carefully examining the record, we are satisfied that the District Court should be affirmed in its conclusion that the bankrupt did not "knowingly and fraudulently" conceal property or make any false oath, and that the order granting his discharge should therefore be affirmed.

There have been some opinions of this and other courts that have treated the words "knowingly and fraudulently" as synonymous with "an intentional untruth in a matter material to the issue which is itself material." Morris Plan Industrial Bank v. Finn, 2 Cir., 149 F.2d 591, 592; In re Steinberg, 2 Cir., 143 F.2d 942, 943; In re Marshall, 2 Cir., 47 F.2d 209, 210; In re Slocum, 2 Cir., 22 F.2d 282, 285; Epstein v. United States, 7 Cir., 196 F. 354, 355; Troeder v. Lorsch, 1 Cir., 150 F. 710, 713. This formula has been spoken of in one of our own opinions as reading " 'fraudulently' out of the statute by use of the phrase 'an intentional untruth in a matter material to the issue which is itself material.' " In re Steinberg, 2 Cir., 143 F.2d 942, 943. The criticism, however, would seem to be one of verbiage rather than reality, for the utterance of "an intentional untruth in a matter material to the issue which is itself material" is no more than a characterization of what is sufficient to justify an inference of an intent to defraud the bankrupt's creditors. If a bankrupt knowingly swears falsely in a matter material to the issue, it is hard to see why he has not acted "knowingly and fraudulently" though it may be wiser to use the words of the statute, i. e., "knowingly and fraudulently," which the referee did use in the language he adopted in the case at bar.

Order affirmed.