**In re Iris PERRY, Debtor.**

**NORTON OPERATING SERVICES, INC., Plaintiff,**

v.

**Iris PERRY, Defendant.**

**Bankruptcy No. 89 B 20768.
Adv. No. 90 6041.**

United States Bankruptcy Court, S.D. New York.

Sept. 19, 1990.

Howard Dean, Tarrytown, N.Y., for debtor/defendant.

## DECISION ON MOTION FOR SUMMARY JUDGEMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff, Norton Operating Services, Inc. has moved for summary judgment pursuant to Fed.R.Civ.P. 56, which is made applicable to this proceeding by Bankruptcy Rule 7056, denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), § 727(a)(4)(A) and § 727(a)(5).

### FACTS

1. On November 21, 1989, the debtor, Iris Perry ("debtor"), filed with this court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

2. The plaintiff, Norton Operating Services, Inc. ("plaintiff"), is an unsecured creditor of the debtor in the principal sum of $66,880.00 as evidenced by two promissory notes signed by the debtor on April 29, 1985 and June 18, 1985.

3. A complaint objecting to the discharge of the debtor, pursuant to 11 U.S.C. § 727, was filed by the plaintiff on March 22, 1990 ("the Complaint").

4. The Complaint alleges the following:

a. The discharge of the debtor should be denied pursuant to 11 U.S.C. § 727(a)(5) because the debtor has failed to explain satisfactorily losses of her assets to meet her liabilities.

b. The discharge of the debtor should be denied pursuant to 11 U.S.C. § 727(a)(3) because the debtor has concealed, destroyed, mutilated, falsified or failed to keep or preserve any recorded information including books, documents and records from which the debtor's financial condition might be ascertained.

c. The discharge of the debtor should be denied under § 727(a)(4) because the debtor made a false oath by certifying in her schedules annexed to her Chapter 7 petition that the schedules were true and correct to the best of her knowledge when

Barr & Rosenbaum by Elizabeth A. Haas, Spring Valley, N.Y., for plaintiff.

in fact she had omitted any reference to a prepetition creditor.

5. An answer to the Complaint was filed by the debtor on May 15, 1990, which denied the allegations contained in the complaint and included affirmative defenses.

6. Examinations of the debtor, pursuant to Bankruptcy Rule 2004, were conducted by the plaintiff on March 19, 1990 and August 8, 1990. Transcripts of the examinations, with certain corrections, were signed by the debtor.

7. The debtor admitted in the March 19, 1990 examination that she made certain payments to credit card companies, to banks and to parties who held personal notes. These payments were made with $200,000.00 which was received as proceeds from the sale of a residence in Chappaqua, New York in June, 1987.

8. The debtor was unable to present any records which substantiate these payments. When questioned about whether the records were destroyed by fire or discarded, the debtor responded that she probably threw them out.

9. The debtor further stated that part of the proceeds of the sale were deposited into an account with Smith Barney in Stamford, Connecticut ("the Smith Barney account"). However, she does not have any records of this account which was closed in May, 1988.

10. At the time the account was closed, the debtor maintained that there was $140,-000.00 in the account.

11. From the $140,000.00 cash received, the debtor testified that she made a $10,-000.00 payment to her mother for past loans, gave $12,000.00 to her stepdaughter and a couple of thousand to her brother.

12. The debtor further testified that she kept the remainder of the $140,000.00 in cash in her home and paid creditors with money orders, although she had a checking account with Chase Manhattan.

13. After making payments to family members and creditors, the debtor claims she lost the remaining $125,000.00 gambling during two trips taken within the last two years.

14. The debtor failed to list Van Cortland Federal Cooperative Credit Union in her original schedules filed with this court on November 21, 1989. However, the debtor amended her schedules on May 8, 1990 to include Van Cortland Federal Credit Union as an unsecured claimholder in the amount of $6,000.00.

## DISCUSSION

### Timeliness of Motion

The debtor maintains that service of the plaintiff's Motion for Summary Judgment was served with only 8 days notice rather than the 10 days notice required by Rule 56(a) of the Federal Rules of Civil Procedure. The applicable rule governing notice of this motion is Rule 13(c)(2) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York which provides as follows:

(c)(2) Except as otherwise provided in the Bankruptcy Rules, in all other motions, (motions other than those under Bankruptcy Rules 7026 through 7037) the notice of motion, supporting affidavits and accompanying memoranda of law shall be served at least 10 days before the return date unless otherwise provided by the court.

Furthermore, Bankruptcy Rule 9006(a) dictates the computation of time periods as follows:

(a) In computing any period of time prescribed or allowed by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, . . . When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

The Affidavit of Service filed by the plaintiff states that a copy of the Notice of Motion and Memorandum of Law was personally served on the debtor on August 27, 1990. The return date of the Notice of

Motion was September 6, 1990. Excluding August 27, 1990, the date the Notice of Motion for Summary Judgement was served upon the defendant, and including intermediate Saturdays, Sundays and September 6, 1990, the last day of the period computed, the Notice of Motion and Memorandum of Law were served within the ten day period. Therefore, service in accordance with Rule 13(c)(2) of the Local Rule of the Bankruptcy Court for the Southern District of New York and Bankruptcy Rule 9006(a) was timely because counting intermediate Saturdays and Sundays, the motion was served within the requisite ten days.

### Summary Judgment

In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses ..." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1363, 89 L.Ed.2d 538 (1986).

The plaintiff maintains that summary judgment should be granted denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(5), § 727(a)(3) and § 727(a)(4)(A). The plaintiff alleges that the debtor has failed to explain satisfactorily her loss of assets to meet her liabilities. As set forth in 11 U.S.C. § 727(a)(3), a debtor's discharge will be granted unless "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities."

■ Although there is some question as to the loss of the $125,000.00 in the debtor's assets once she removed this sum from her Smith Barney account, the debtor has provided some explanation as to what happened to the money. The debtor alleges she lost all of the $125,000.00 while gambling in Atlantic City and Paradise Island. While it seems unlikely that a woman who works as the assistant to the president of a corporation would risk her whole life savings at the gambling tables, it is not an impossibility. Therefore, this court must be afforded the opportunity of accessing the debtor's demeanor and credibility on the witness stand before making a determination as to whether or not there has been a satisfactory explanation of the loss of the debtor's assets.

The plaintiff next alleges that 11 U.S.C. § 727(a)(3) bars the debtors discharge. As provided in 11 U.S.C. § 727(a)(3), the debtor's discharge will be denied if the debtor has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, *unless such act or failure to act was justified under all of the circumstances of the case.*" (emphasis added).

■ Although the transcripts of the two depositions reveal that the debtor has failed to keep any records which substantiate the dissipation of the $200,000.00 in equity received from the sale of her home, this court has not had the opportunity to hear testimony concerning the circumstances underlying this debtor's case. As set forth in 11 U.S.C. § 727(a)(3), the debtor must first be given a chance to justify her actions before this court can deny her discharge. Therefore, summary judgment denying the debtor's discharge pursuant to 11 U.S.C. § 727(a)(3) is inappropriate and must be denied.

Finally, the plaintiff alleges that the debtor's discharge should be denied because she knowingly and fraudulently made a false oath when she signed her

petition, schedules and statement of affairs, but did not include Van Cortland Federal Cooperative Credit Union as a creditor. A debtor's discharge must be denied, pursuant to 11 U.S.C. § 727(a)(4)(A) if the "debtor knowingly and fraudulently, in or in connection with the case made a false oath or account."

 Inherent in a determination to deny a debtor's discharge under 11 U.S.C. § 727(a)(4)(A) is a finding by this court of a knowing or fraudulent state of mind of the debtor. It is true that the debtor omitted Van Cortland Federal Cooperative Credit Union as a creditor in her schedules filed with this court on November 21, 1989. This fact alone does not rise to the level of a knowing or fraudulent, false oath. Many debtors inadvertently omit creditors from their schedules and must later amend those schedules to include those creditors. In fact, if an amendment is not made, the debtor is the one who suffers by not being granted a discharge as to those debts not listed. *See* 11 U.S.C. § 523(a)(3). Therefore, even though it is an uncontroverted fact that a creditor was omitted from the debtor's schedules, this does not entitle the plaintiff to a judgment as a matter of law on the issue of denial of the debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(J).

2. The plaintiff's Motion for Summary Judgment is denied.

SETTLE ORDER ON NOTICE.