**In re B.B. CHACHRA, Kamal Chachra, Debtors.**

**STATE BANK OF INDIA, NEW YORK BRANCH, Plaintiff,**

v.

**B.B. CHACHRA, Kamal Chachra, Defendants.**

**Bankruptcy No. 91 B 20826.
No. 91 ADV. 6162.**

United States Bankruptcy Court,
S.D. New York.

March 20, 1992.

Dunn & Zuckerman, P.C., New York City, for plaintiff.

Kamal Chachra, pro se.

Margaret A. Hurst, of counsel, Davoli & Vesnaver, Garden City, N.Y., for debtors.

## DECISION ON MOTION FOR SUMMARY JUDGMENT

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiff, State Bank of India ("SBI"), has filed this adversary proceeding to object to the dischargeability of its claim pursuant to 11 U.S.C. § 523(a)(2) and to the discharge of each of the Chapter 7 debtors, B.B. Chachra and Kamal Chachra, pursuant to 11 U.S.C. §§ 727(a)(3), (4) and (5). SBI has moved for summary judgment, under each of these subsections, pursuant to Federal Rule of Civil Procedure 56 and Bankruptcy Rule 7056.

SBI argues that the debtors submitted a materially false written application for financing to SBI, SBI relied upon the debtors' application, and that the court may infer the debtors' intent to deceive in deciding a motion for summary judgment under section 523(a)(2). Similarly, SBI moves for summary judgment under section 727(a)(4), alleging that the debtors made a false oath in that they omitted "assets, receivables and business interests" from their schedules, and that the court should infer from the substantial amount of omissions that the debtors intended to defraud creditors. SBI also contends that the debtors' failure to produce books and records they admit in their bankruptcy petition they possess is sufficient to deny their discharges pursuant to section 727(a)(3). Finally, SBI seeks summary judgment under section 727(a)(5) because the debtors' answer to SBI's complaint contains only general denials as to the loss of certain assets. Moreover, the debtors have failed to offer any explanation either for their failure to produce the books and records in question or for the loss of certain assets.

## BACKGROUND

The debtors, B.B. Chachra and his wife Kamal Chachra, filed with this court a Chapter 11 petition on May 31, 1991. On October 9, 1991, this court entered an order converting the case to Chapter 7 of the

Bankruptcy Code and thereafter a Chapter 7 trustee was appointed.

On September 13, 1991, a creditor, SBI, brought the present adversary proceeding against the debtors. SBI is a duly licensed foreign bank located in India, with a branch office in New York.

The debtors were the principals and shareholders of a New York corporation called Supercraft India, Inc. ("Supercraft"), a debtor in this court in a different bankruptcy now proceeding under Chapter 7.[1] The debtors were also the only general partners of two other partnerships, 351 Company and AA Enterprises, respectively.

On February 22, 1985, SBI and Mr. Chachra, acting as an officer of Supercraft, entered into a written revolving credit agreement under which SBI advanced $920,000.00 to Supercraft. The debtors granted SBI a security interest in certain collateral. Specifically, 351 Company granted SBI a first mortgage dated February 22, 1985 on real property located at 351 Huguenot Street, New Rochelle, New York to the extent of $575,000.00. Moreover, the debtors executed personal guarantees in favor of SBI for the $920,000.00. On or about December 31, 1986, the debtors, on behalf of Supercraft, requested that SBI increase Supercraft's credit line to $1,500,-000.00, which SBI did. The credit agreement between SBI and Supercraft stated that the mortgage 351 Company granted to SBI would continue as security for the increased credit line. At that time, SBI had the debtors execute new personal guarantees for $1,500,000.00, the full amount of the credit line.

SBI has attached as an exhibit to their motion for summary judgment, the personal financial statements submitted by the debtors on January 15, 1987 and January 15, 1989. The debtors submitted the financial statements to SBI pursuant to the terms of the credit agreement so that SBI could monitor their financial position. On their 1989 personal financial statement, the debtors listed assets including $15,000.00 in jewelry, $10,000.00 in furniture, $13,800.00 in stocks and bonds, a partnership interest in 680 Fifth Avenue, New York, New York valued at $500,000.00, real estate valued at $2,820,000.00, etc., for a net worth of $3,004,800.00. They listed their annual salary as $105,000.00.

Their 1989 statement also lists real property at 579 North Avenue, New Rochelle, New York, owned by AA Enterprises, a general partnership comprised only of the debtors, which property was valued at $450,000.00. The property was sold on April 7, 1989 and at the closing, the debtors allege that SBI received $239,436.98 by a bank check drawn on the Bank of India, payable to SBI as "mortgage payoff." *Answer*, at ¶ 17. SBI acknowledges receipt of the $239,436.98 as a mortgage satisfaction. *D.K. Sinha's Affidavit in Support of Motion for Summary Judgment*, at 8. However, SBI has submitted a document entitled "Closing Statement" with its motion for summary judgment which demonstrates that the debtors, through AA Enterprises, took a mortgage on the property for $50,000.00 and received an "advance" of $65,000.00. *Exhibit 6 to Motion for Summary Judgment*. The debtors have failed to explain the status of these funds.

SBI alleges that the debtors have at least one substantial business interest in India under the name A.A. Fashions (P) Ltd. ("A.A. Fashions"). SBI asserts that the debtors are the sole shareholders, according to the Indian Registrar of Companies, and are also directors of A.A. Fashions. SBI claims that through a private investigation they have discovered that A.A. Fashions is still an ongoing concern with offices and a factory employing approximately 100 individuals in India. The debtors have not listed any business interests or assets in India in their bankruptcy schedules nor have they explained the whereabouts of the proceeds from the sale of those assets if they sold them.

The debtors concede that Supercraft obtained a credit line of $1,500,000.00. *An-*

1. In addition to their own Chapter 7 case and that of Supercraft, Mr. and Mrs. Chachra have two other companies that are presently in Chapter 7 in this court, Supercraft Fashions Ltd. and Shamrock Hotels Cairo Ltd.

*swer*, at ¶ 35. Supercraft has defaulted in repaying SBI. The debtors have also defaulted in the repayment of the Supercraft indebtedness pursuant to the terms and conditions of the personal guarantees they executed and delivered to SBI. On February 15, 1990, SBI instituted suit against Supercraft and the debtors in New York State Supreme Court, County of Westchester. SBI also commenced a separate foreclosure action on the mortgage 351 Company had granted it.

SBI obtained judgments against the debtors, jointly and severally, based on their contractual obligations, in the amount of $1,471,058.21, and entered the judgments in the Office of the Clerk of Westchester County on July 20, 1990. SBI attempted to execute on this judgment, but the Sheriff returned it unsatisfied.

As a result of the foreclosure action, SBI entered a judgment of foreclosure in the Office of the Clerk of Westchester County on or about February 21, 1991 in the amount of $669,663.44. The sale of the mortgaged premises was stopped by the debtors' bankruptcy petition. On July 19, 1991, SBI filed a proof of claim in this bankruptcy in the amount of $1,471,058.21, of which it is a secured creditor to the extent of at least $669,663.44 by virtue of the mortgage 351 Company granted to it. Thereafter, SBI moved for relief from the stay, which this court granted on July 30, 1991.

This court entered an order on July 30, 1991, requiring the debtor, B.B. Chachra, to appear for a deposition and produce certain documents listed in an accompanying subpoena. Among the documents listed in the subpoena were records kept by Ivan Babitt, CPA. In fact, the debtors' petition states that for the last six years their books and records were kept by Mr. Babitt and that those records are in the debtors' possession "at home." The debtors produced copies of various individual and partnership tax returns and account statements for one bank account. SBI alleges that the books and records kept by Mr. Babitt were never produced. The debtors, in their answer, generally deny this allegation, and

have yet to offer any explanation as to the books and records kept by Mr. Babitt.

The debtors have not submitted any affidavit sworn to by them raising any issues of fact. The only opposition by the debtors to the plaintiff's motion for summary judgment is an affirmation by the debtor's attorney which simply amounts to a legal dissertation normally contained in a memorandum of law accompanying an affidavit of facts in opposition to a motion for summary judgment.

## DISCUSSION

SBI has moved for summary judgment under Federal Rule of Civil Procedure 56, which is made applicable to this adversary proceeding by Bankruptcy Rule 7056. In ruling on a motion for summary judgment, the court must review the pleadings, depositions, answers to interrogatories, admissions and affidavits, if any, to determine if there is no genuine issue as to any material fact so that the moving party is entitled to a judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–2554, 91 L.Ed.2d 265 (1986). The inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Electric Industrial Co., Inc. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362–1363, 89 L.Ed.2d 538 (1986). The nonmoving party may oppose a summary judgment motion by making a showing that there is a genuine issue as to a material fact in support of a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–2511.

### *The Obligation to Keep or Preserve Records*

The court will first consider SBI's motion for summary judgment pursuant to 11 U.S.C. § 727(a)(3). SBI argues that as a matter of law, the cancelled checks, bank

statements and tax returns that the debtors have produced do not constitute adequate records from which the debtors' financial condition could be determined and therefore the court should deny the debtors' their discharges pursuant to 11 U.S.C. § 727(a)(3). Moreover, SBI contends that even if the documents the debtors have produced constitute sufficient books and records under section 727(a)(3), the debtors' refusal to produce books and records for the six year period preceding the petition date that they state in their bankruptcy petition were kept by Ivan Babitt, a CPA, and are in their home, requires a denial of the debtors' discharges pursuant to section 727(a)(3).

The debtors' attorney has filed an affidavit which is, in effect, a legal brief. There is no affidavit from the debtors explaining their refusal to produce such documents, nor have the debtors explained their failure to produce these documents in their answer to the complaint. One of the debtors, who appeared at the hearing on the motion for summary judgment, also failed to explain their inability to produce these books and records.

Section 727(a)(3) states:

(a) The court shall grant the debtor a discharge, unless—

(3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, *unless such act or failure to act was justified under all of the circumstances of the case . . . .*

11 U.S.C. § 727(a)(3) (emphasis added).

■ Although Bankruptcy Rule 4005 places the burden of proving an objection on the party objecting to a debtor's discharge, this rule does not alter the debtor's initial obligation to produce records from which its financial condition may be ascertained. *In re Greene,* 81 B.R. 829, 833 (Bankr.S.D.N.Y.1988). Under section 727(a)(3) of the Bankruptcy Code, a debtor may not conceal documentary evidence which would explain its financial condition. The creditors and the court need not be required to guess what actually occurred because such speculations do not serve as an adequate substitute for credible proof. *First Federated Life Insurance Co. v. Martin (In re Martin),* 698 F.2d 883, 888 (7th Cir.1983).

■ Because the relief afforded in bankruptcy cases was intended to permit an honest debtor to obtain a fresh start free from debt, objections to a discharge must be contrued strictly against the objectant and liberally in favor of the debtor. *Bank of Pennsylvania v. Adlman (In re Adlman),* 541 F.2d 999, 1003 (2d Cir.1976); *In re Kokoszka,* 479 F.2d 990, 996 (2d Cir. 1973), *aff'd sub nom. Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *In re Tabibian,* 289 F.2d 793, 795 (2d Cir.1961). Courts exercise even greater caution when asked to deny a debtor's discharge on a motion for summary judgment rather than following an evidentiary hearing. *In re Walton,* 103 B.R. 151, 159 (Bankr.S.D.Ohio 1989); *In re Esposito,* 44 B.R. 817, 821 (Bankr.S.D.N.Y.1984).

Nonetheless, to receive the benefit of a general discharge, "the debtor must reveal and not conceal his financial condition." *In re Greene,* 81 B.R. 829, 833 (Bankr. S.D.N.Y.1988), *aff'd,* 103 B.R. 83 (S.D.N.Y. 1989), *aff'd,* 904 F.2d 34 (2d Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 784, 112 L.Ed.2d 847 (1991). "Complete disclosure is the touchstone . . . ." *In re Silverman,* 10 B.R. 727, 731 (Bankr.S.D.N.Y.1981). The Second Circuit has emphasized this point in *In re Underhill,* 82 F.2d 258 (2d Cir.), *cert. denied,* 299 U.S. 546, 57 S.Ct. 9, 81 L.Ed. 402 (1936), stating:

Intent to conceal the financial condition is no longer a necessary element to support an objection to a discharge for failure to keep books. *Nix v. Sternberg,* 38 F.(2d) 611 (C.C.A.8 [1930]), certiorari denied 282 U.S. 838, 51 S.Ct. 20, 75 L.Ed. 744; *In re Krulewitch,* 60 F.(2d) 1039 (D.C.N.J. [1932]). The law is not unqualified in imposing a requirement to keep books or records, and it does not require that if they are kept they shall be kept in

any special form of accounts. It is a question in each instance of reasonableness in the particular circumstances. Complete disclosure is in every case a condition precedent to the granting of the discharge, and if such a disclosure is not possible without the keeping of books or records, then the absence of such amounts to that failure to which the act applies. *Nix v. Sternberg, supra; Karger v. Sandler,* 62 F.(2d) 80 (C.C.A.2 [1932]); *In re Miller,* 5 F.Supp. 913 (D.C.Md. [1934]).

*Id.* at 259–60. *See also In re Esposito,* 44 B.R. 817, 826–28 (Bankr.S.D.N.Y.1984).

In *In re Perry,* 119 B.R. 24 (Bankr. S.D.N.Y.1990), this court denied a creditor's motion for summary judgment under 11 U.S.C. § 727(a)(3). In that case, the debtor sold her home and placed a portion of the proceeds from the sale in a bank account, while distributing other portions of the proceeds to various individuals and entities. The bank account containing the proceeds was then closed. The creditor argued that the debtor's failure to produce documents regarding the account was sufficient to deny the debtor her discharge, as a matter of law, under section 727(a)(3). The court denied the creditor's motion for summary judgment on the ground that the debtor attended a deposition and explained that she had probably thrown the records out. Therefore, the debtor raised a question of fact precluding summary judgment.

▪ The present case does not involve a debtor who has kept insufficient books and records because apparently the debtors employed a CPA to keep their books. Instead, these debtors are concealing books and records which their own Chapter 11 petition admits were kept by a CPA and, at least at the time the petition was filed, were in their possession. While section 727(a)(3) does not require the party objecting to discharge to prove intent, section 727(a)(3) does permit the debtor the opportunity to justify such a failure to act, or in this case, failure to produce the books kept by Mr. Babitt. Here, as distinguished from *Perry,* the debtors have offered no explanation as to why they did not comply with

this court's order and subpoena specifically requiring production of these books, nor have they explained in their answer to this adversary complaint, their reply to this motion for summary judgment, or at the hearing on this motion, their reason for not producing these books and records. Therefore, their discharges are denied pursuant to 11 U.S.C. § 727(a)(3) for concealment of records.

### Failure to Explain Satisfactorily the Loss of Assets

SBI also contends that the court should deny the debtors' discharges pursuant to section 727(a)(5). Section 727(a)(5) states:

(a) The court shall grant the debtor a discharge, unless—

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

*Id.*

SBI argues that the debtors should be denied their discharges under section 727(a)(5) because it has already received a state court judgment against the debtors, based on their personal guaranties of the credit line extended to Supercraft, which demonstrates that the funds were actually received by Supercraft. SBI argues that the debtors have failed to explain Supercraft's loss of these funds. Furthermore, SBI asserts that the debtors submitted personal financial statements to SBI as an inducement to extend credit to Supercraft for which SBI would be secured by assets the debtors represented they owned as individuals. SBI claims that the debtors have failed to explain the loss of the assets they listed in their financial statements and that the use of general denials in their answer is inadequate to explain such losses.

▪ As noted earlier, the party objecting to a debtor's discharge has the burden of proving the objection. Fed.R.Bankr.P. 4005. However, once the objectant establishes a basis for denying the debtor's discharge pursuant to section 727(a)(5), the burden shifts to the debtor to explain satisfactorily the loss. *Chalik v. Moorefield*

*(In re Chalik),* 748 F.2d 616, 619 (11th Cir.1984). The party objecting to a debtor's discharge under section 727(a)(5) need not prove intent. *In re Bernard,* 99 B.R. 563, 571 (Bankr.S.D.N.Y.1989).

 SBI's argument that the court should deny the debtors their discharges in this case because these debtors failed to explain the loss of assets experienced by Supercraft, a different Chapter 7 debtor, is without merit. These debtors are under no duty to explain the loss of Supercraft's assets. They are only under a duty, by virtue of section 727(a)(5), to explain the loss of their own assets.

Here, the debtors admit in their answer to the complaint that they supplied SBI with personal financial statements and SBI has produced the financial statements signed by the debtor, which list assets, including a partnership interest in 680 Fifth Avenue valued at $500,000.00, the 579 North Avenue property,[2] jewelry, furniture, stocks and bonds, and their corporation, A.A. Fashions, located in India. Therefore, this court finds that SBI has satisfied its burden of demonstrating that the debtor claimed to have had certain assets and therefore must explain the loss of those assets. The debtors must come forward with an explanation of the loss of these assets. They have offered no explanation, either orally at the hearing on this motion for summary judgment or in the form of an affidavit in opposition to the motion or in its answer to the complaint. Consequently, the debtor's failure to offer any explanation of the loss of these assets is sufficient to deny the debtors' their discharges, as a matter of law, under 11 U.S.C. § 727(a)(5).

Because the court has denied the debtors' their discharges pursuant to 11 U.S.C. §§ 727(a)(3) & (5), the court need not address the portion of SBI's motion for summary judgment under 11 U.S.C. §§ 523(a)(2) and 727(a)(4).

**2.** Although both parties agree that the property has been sold, the debtors have failed to offer any explanation as to the $50,000.00 mortgage

CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(I) & (J).

2. The debtors' discharges are denied pursuant to 11 U.S.C. § 727(a)(3) because the debtor has failed to produce books and records they admit in their Chapter 11 petition were prepared and which they possessed at the time they filed their petition. The debtors have offered no explanation to justify their failure to produce these books and records.

3. The debtors' discharges are denied pursuant to 11 U.S.C. § 727(a)(5) because the debtors have failed to explain satisfactorily the loss of assets it listed in financial statements submitted to SBI.

4. By denying the debtors' discharges pursuant to 11 U.S.C. §§ 727(a)(3) & (5), the court need not address the portion of SBI's motion for summary judgment under 11 U.S.C. §§ 523(a)(2) and 727(a)(4).

SETTLE ORDER in accordance with the foregoing.

their partnership AA Enterprises took in the property or the $65,000.00 advance that partnership received.